# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| CATHERINE E. SHARKEY, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FORTRESS SYSTEMS INTERNATIONAL, INC., d/b/a FORTRESS MOBILE, and ZHONG SU, individually, )<br>)<br>)<br>Defendants. ) | Civil Action No. 3:18-cv<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE AND CLASS ACTION |

## COMPLAINT

COMES NOW Plaintiff, Catherine E. Sharkey ("Plaintiff" or "Sharkey"), individually, and on behalf of all other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Representative Plaintiff"), brings this lawsuit against Defendants Fortress Systems International, Inc., d/b/a Fortress Mobile ("Fortress"), and Zhong "Jack" Su, inclusive (hereinafter collectively "Defendants"), seeking to recover for Defendants' violations of the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. §§201 *et. seq.,* and the North Carolina Wage and Hour Act (hereinafter "NCWHA") N.C. Gen. Stat. §§ 95-25.1 *et. seq*.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself, individually, and all other similarly situated employees of the Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that they are entitled to recover (i) unpaid overtime wages for all hours worked exceeding forty (40) in a workweek, and

(ii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2. Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina (the "North Carolina Class") that they are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et. seq.*

3. The Plaintiff and the proposed Collective Action Members are current and former contractors employed by Fortress, and Zhong "Jack" Su, who were misclassified as Independent Contractors during the relevant time period.

4. Defendants are providers of mobile surveillance and smart fleet management solutions for pupil transit, mass transit, and commercial vehicle fleet and equipment management industries, with a principal location in Mecklenburg County at 3801 Roselake Drive, Charlotte, North Carolina 28217.

## THE PARTIES

5. Plaintiff Catherine E. Sharkey is now, and was at all times mentioned herein, an individual over the age of eighteen (18), and a resident of Amherst, Virginia.

6. During the relevant time period, Catherine Sharkey regularly worked for Defendants as an "Exclusive Agent," within the meaning of the FLSA during the relevant three-year period. Plaintiff Catherine E. Sharkey worked for Defendants, and did not properly receive overtime compensation for hours worked in excess of 40 hours per week or the payment of employment taxes and FICA obligations on any and all hours worked. Plaintiff Catherine E. Sharkey's consent to join form has been attached hereto as Exhibit A.

7. Defendant Fortress Systems International, Inc., d/b/a Fortress Mobile, a North Carolina Corporation, with its principal place of business at 3801 Roselake Drive, Charlotte, North Carolina 28217.

8. Defendant Zhong "Jack" Su is an officer of and owns and operates Fortress Systems International, Inc., d/b/a Fortress Mobile, a North Carolina Corporation, with its principal place of business at 3801 Roselake Drive, Charlotte, North Carolina 28217.

9. Defendant Zhong "Jack" Su allocated compensation to employees, made wage payment decisions, set policy and practices regarding employee pay and made, and continue to make, hiring and firing decisions for Defendant Fortress Systems International, Inc. d/b/a Fortress Mobile.

10. At all relevant times, Plaintiffs and other similarly-situated individuals were Defendants' "employees" as that term is defined by the FLSA and the NCWHA.

11. At all relevant times, Defendants were, and are, "employers" as the term is Defined by the FLSA and the NCWHA.

12. Plaintiffs are informed and believe, and based upon such information and belief allege, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

13. Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high

3

corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

14. Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiffs, and all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15. Plaintiffs are further informed and believe, and based upon such information and belief allege, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiffs and the putative class herein.

16. Plaintiffs are further informed and believe, and based upon such information and belief allege, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

17. Plaintiffs are further informed and believe, and based upon such information and belief allege, that Zhong "Jack" Su made all decisions on a daily basis regarding pay policies and exerted financial and operative control over Fortress Systems International, Inc. and are therefore individually liable under the FLSA and North Carolina State laws.

4

## JURISDICTION AND VENUE

18. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

19. Defendants employed Plaintiff and employs/employed others in this judicial district, owns and operates a business in this judicial district, and is registered to transact business in the State of North Carolina.

20. As a condition of employment, Defendants required Plaintiff and other similarly situated employees to sign contracts with a North Carolina choice of law and venue provision.

21. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

22. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

23. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

27. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

28. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

29. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## STATEMENT OF FACTS

30. The Plaintiff and the proposed Collective Action Members are current and former contractors employed by Fortress, and Zhong "Jack" Su, who were misclassified as Independent Contractors during the relevant time period.

31. Defendants are providers of mobile surveillance and smart fleet management solutions for pupil transit, mass transit, and commercial vehicle fleet and equipment management industries, and is headquartered in Charlotte, North Carolina.

32. Plaintiff and other similarly situated employees was generally responsible for sales activities relating to the purchase of Defendants' "solutions" by customers, such as school systems and companies with large fleets.

33. Plaintiff and other similarly situated employees were required to sign a "Sales Agent Agreement" as a condition of employment.

34. Plaintiff and other similarly situated employees, as Defendants' independent contractors, did not possess a business license.

35. By Defendants' policies, customs, and practices, Defendants exercised extraordinary levels of control over the manners and means by which Plaintiff and other similarly situated employees performed job duties. Such controls included, but were not limited to, (a) setting Plaintiff's and other similarly situated employees schedules, (b) prohibiting Plaintiff and other similarly situated employees from working for other companies, (c) requiring Plaintiff and other similarly situated employees to engage in a minimum number of customer contacts, (d) requiring Plaintiff and other similarly situated employees to wear a company-provided uniform in public, (e) requiring Plaintiff and other similarly situated employees to attend training provided by Defendants, and (f) subjecting Plaintiff and other similarly situated employees to discipline for failing to follow Defendants' policies and procedures.

36. During the time period relevant to this action, Plaintiff, and all those similarly situated, were employed by Defendants as Independent Contractors, and were regularly required to work in accordance with the Defendants' processes and procedures, including, *inter alia*, (a) set work hours, (b) company provided training, (c) payment of travel expenses and business costs, (d) required use of Defendants' vendors for travel, and (e) provision of equipment needed to perform the job.

37. By retaining and exercising such control over Plaintiff, and all other similarly situated, Plaintiff and all other similarly situated employees were, in fact, employees under North Carolina and Federal law.

38. Plaintiff contends that Defendants improperly classified Plaintiff, and all other similarly situated employees, as independent contractors rather than W-2 employees pursuant to the FLSA and the NCWHA. However, during the relevant time period that Plaintiff, and other similarly situated employees, were considered independent contractors by the Defendants, Plaintiff and the Class Members did not regularly or customarily perform any Independent Contractor functions.

39. By misclassifying Plaintiff and other similarly situated employees as an independent contractors, Defendants have sought to avoid various duties and obligations owed to employees under the NCWHA and the FLSA, including but not limited to: (a) the duty to pay minimum wage for all hours worked, (b) the duty to pay wages due on termination, (c) the duty to pay employment taxes and FICA obligations, and other legal obligations.

40. Moreover, by misclassifying Plaintiff and other similarly situated employees as independent contractors, Defendants have forced Plaintiff to bear many of the costs of running Defendants' business.

41. As a result of misclassifying Plaintiff and other similarly situated employees as independent contractors, and constructing pay packages that did not compensate Plaintiff for all work performed, Defendants have regularly failed to compensate Plaintiff and other similarly situated employees for all work performed and for all hours worked.

42. For at least three (3) years prior to the filing of this action, Defendants had, and continue to have, a consistent policy and practice of misclassifying its employees as Independent Contractors, thereby depriving them of benefits, payment of employment taxes and Social Security and Medicare taxes, overtime wages, and appropriate reimbursement for expenses.

8

43. Defendants' practices require its Independent Contractors, including Plaintiff and other similarly situated employees, to work in excess of forty (40) hours per week without paying them proper overtime compensation as required by federal and state wage laws.

44. Defendants provide mobile surveillance and smart fleet management solutions throughout the United States.

45. Defendants designated Plaintiff and other similarly situated employees as independent contractors.

46. Plaintiff, and other similarly situated employees, worked as Exclusive Agents for Defendants and was misclassified as an independent contractor.

47. Plaintiff, and other similarly situated employees, was generally responsible for selling Defendants' goods and services.

48. Plaintiff and other similarly situated employees work tasks included, but were not limited to, (a) an annual sales quota, (b) required minimum daily call volumes, (c) required minimum weekly customer meetings, (d) required minimum weekly pilots, and (e) required minimum weekly sales quotes.

49. Plaintiff and other similarly situated employees was subject to discipline and termination for failure to meet certain performance requirements.

50. Plaintiff, and other similarly situated employees, was required to "present" to customers as an employee of Defendants.

51. Additionally, Plaintiff, and other similarly situated employees, was required to record "ALL" sales activities on a daily basis, prepare debriefing documents for every prospect contact, enter data into the Zoho CRM system as well as other written reports.

52. Defendants dictated the hours Plaintiff, and all other similarly situated employees, was to spend in the office, and provided each with a company email address, business cards, and company-identifying clothing.

53. Defendants provided Plaintiff, and other similarly situated employees, with equipment to perform job responsibilities, including, but not limited, to a personal computer and wireless routers.

54. Defendant provided detailed training to Plaintiff and other similarly situated employees.

55. Defendant required Plaintiff and other similarly situated employees, to pay all expenses but required prior approval of expenses.

56. Defendants required Plaintiff and other similarly situated employees, to use Defendants' vendors for all travel arrangements.

58. Defendants retain and exercise significant control over the details of Plaintiff's and other similarly situated employees' work.

59. Plaintiff, and other similarly situated employees, was not engaged in a distinct occupation or business apart from her efforts on behalf of Defendants.

60. Defendants prohibited Plaintiff, and all other similarly situated employees, from performing any tasks, duties or other activities for any other business enterprise.

61. Defendants issued payments to Plaintiff, and all other similarly situated employees, as individuals, not as a business entity.

62. Plaintiff, and all other similarly situated employees, had no control over the rates charged to Defendants' customers, nor did they have control over their own compensation rates.

10

Case 3:18-cv-00019-FDW-DCK   Document 1   Filed 01/10/18   Page 10 of 20

63. Despite Defendants' pervasive control over all aspects of its products and services and Plaintiff, Defendants misclassified Plaintiff, and all other similarly situated employees, as independent contractors.

64. As a result of misclassifying Plaintiff, and all other similarly situated employees, as independent contractors, and constructing pay packages that did not compensate Plaintiff and all other similarly situated employees for all work performed, Defendants suffered or permitted Plaintiff, and all other similarly situated employees, to work portions of the day, for which Defendants failed to compensate.

65. At all relevant times herein, and for the reasons discussed herein, Defendants' compensation schemes did not fairly compensate Plaintiff, and all other similarly situated employees, for all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

67. Plaintiff incorporates the above paragraphs of this Complaint as if fully alleged herein.

68. Plaintiff brings her First Cause of Action as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of the following class of persons ("FLSA Class"):

> **All persons employed and classified as Independent Contractors for Defendants in the United States of America during any part of the time period beginning three years prior to the filing of the initial complaint in this action and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Class").**

69. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

70. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to properly classify workers as employees, failing to pay employees for all overtime hours worked, failing to pay employment taxes, benefits and mileage, and failing to properly calculate and pay overtime compensation. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiff may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

71. Other employees have been victimized by this pattern, practice and policy, which are willful violations of the FLSA. Some of these employees have worked with Plaintiff, and have reported that they were classified in the same manner, paid in the same manner, and were not properly compensated for all hours worked as required by the FLSA. Thus, from their observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendants have been imposed on the FLSA Class Members.

72. The FLSA Class Members are all Independent Contractors who regularly work(ed) in excess of 40 hours per week, and were misclassified as Independent Contractors. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

73. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and is not dependent on the personal circumstances of the Collective Action Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

74. The specific job titles or precise job requirements of the various Collective Action Members does not prevent collective treatment. All of the Collective Action Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## CLASS ACTION ALLEGATIONS

75. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

76. Plaintiff propose the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendants' payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

77. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiffs at this time, upon information and belief, the class is comprised of at least 50 persons.

78. There is a well-defined commonality of interest in the questions of law and fact

13

involving and affecting the proposed class in that Plaintiffs and all members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

> (a) whether Defendants refused to pay Plaintiffs and members of the proposed class promised and earned regular wages and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13; and
>
> (b) whether Defendants' refusal to pay such compensation is in violation of NCWHA.

79. The claims of Plaintiffs are typical of those claims that could be alleged by any Putative Class Member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendants; i.e. refusing to timely pay promised and earned wages. The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

80. Plaintiffs are able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and members of the proposed class. Plaintiffs have retained counsel who is experienced and competent in both wage and hour and complex class action litigation.

81. A class action is superior to other available means for the fair and efficient

adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

82. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

### COUNT I

**(Violation of Fair Labor Standards Act – Overtime Collective Action)**

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

85. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

86. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods of commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has had employees engaged in commerce, or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

87. At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

88. At all relevant times herein, Plaintiff was entitled to the rights, protections and benefits provided under the FLSA, 29 USC §§ 201 et. seq.

89. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

16

Case 3:18-cv-00019-FDW-DCK   Document 1   Filed 01/10/18   Page 16 of 20

90. Defendants are subject to the overtime pay requirements of the FLSA because they are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91. At all times relevant, Plaintiff and the members of the FLSA Class were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

92. Defendants violated the FLSA by failing to pay and properly calculate overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by its employees.

93. Defendants failed to compensate Plaintiff and the FLSA Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1).

94. Defendants failed to properly classify Plaintiff and the FLSA Collective Class as employees..

95. Defendants failed to pay employment taxes on behalf of Plaintiff and the FLSA Collective Class, including FICA, Medicare, Social Security, state and federal income taxes.

96. Plaintiff and the FLSA Collective Class are victims of a uniform and company-wide compensation policies, procedures, and practices. Upon information and belief, Defendants have applied, and do apply, uniform policies, procedures, and practices that illegally deprive and have deprived the Plaintiff and the FLSA class of overtime pay. These practices include, but are not limited to, failing to pay Independent Contractors overtime pay for the hours they worked in excess of 40 hours in a week.

97. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Class.

98. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

99. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

100. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201, et seq.

## COUNT II

**(Violation of North Carolina Wage and Hour Act)**

101. Plaintiffs, on behalf of themselves, individually, and all others similarly situated, reassert the allegations set forth in the above paragraphs.

102. Count II arises from Defendants' policy and practice of suffering or permitting Plaintiff and other similarly situated hourly employees to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

103. Defendants violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiffs and similarly situated hourly employees all promised and earned wages and overtime payments on the employees' regular payday for all hours worked.

104. Defendants' violation of the NCWHA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join this action demand and pray for:

a) This Court to Order the Defendants to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all Independent Contractors who have worked for Defendants within the last three years;

b) This Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to employees who have worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designate the above Plaintiff as a representative on behalf of all those similarly situated employees;

e) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff and the class;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

*/s/ L. Michelle Gessner*
L. Michelle Gessner
NCSB#26590
THE LAW OFFICES OF MICHELLE GESSNER, PLLC
435 East Morehead Street
Charlotte, North Carolina 28202
Tel: (704) 234-7442
Email: michelle@mgessnerlaw.com

*Attorney for Plaintiff and Putative Class Members*