UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00019-FDW-DCK

| | |
|---|---|
| CATHERINE E. SHARKEY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) ORDER |
| FORTRESS SYSTEMS INTERNATIONAL, INC., d/b/a FORTRESS MOBILE, and ZHONG SU individually also known as Jack Su, | ) ) ) ) ) ) |
| Defendants. | ) |

THIS MATTER is before the Court on Plaintiff's Motion for Conditional Certification and Judicial Notice under 29 U.S.C. § 216(b), (Doc. No. 17), as well as the parties' Joint Motion to Amend Scheduling Order (Doc. No. 23). The motions are ripe and addressed in turn below.

## I. MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE

Plaintiff Catherine E. Sharkey seeks conditional certification and authorization to send Court-supervised notice under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff alleges Defendants Fortress Systems International, Inc., d/b/a Fortress Mobile and Zhong Su ("Fortress Mobile") violated the FLSA by misclassifying Sharkey and other current and former contractors ("Class Members") as independent contractors, depriving them of regular pay and overtime premium pay to which they are entitled under the FLSA. Plaintiff argues Sharkey and the alleged class members are similarly situated in that they were victims of a single decision, policy, practice, or plan that resulted in unpaid regular and overtime wages in violation of the

1

FLSA. Defendant objects to the instant motion, arguing court-approved notice is not appropriate because Plaintiff Sharkey has not shown she is "similarly situated" to any other Fortress personnel.

The applicable law is well-settled, and for purposes of brevity, best summarized as follows:

> "The Supreme Court has held that, in order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement . . . § 216(b) . . . by facilitating notice to potential plaintiffs.'" Purdham v. Fairfax Cnty. Pub. Schs., 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169(1989)).
>
> Certification of a collective action is a two-stage process. Pelczynski v. Orange Lake Country Club, Inc., 284 F.R.D. 364, 367 (D.S.C. 2012). "First, a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" that they can "opt-in" to the collective action. Id. at 367-68. At this "notice stage," the court reviews the pleadings and affidavits to determine whether the plaintiff has carried his burden of showing he is similarly situated to the proposed class members. Id. at 368. "Because the court has minimal evidence, this determination is made using a fairly lenient standard," Steinberg v. TQ Logistics, Inc., No. 0:10-cv-2507-JFA, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011), requiring plaintiffs to make a "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law," Purdham, 629 F. Supp. 2d at 548. If the court determines that the proposed class members are similarly situated, the court conditionally certifies the class. Steinberg, 2011 WL 1335191, at *1. The putative class members then are given notice and the opportunity to "opt-in," and the action proceeds as a representative action throughout discovery. Id.
>
> Second, after the court has conditionally certified the class, the potential class members have been identified and notified, and discovery has been completed, "a defendant may then move to decertify the collective action, pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." Pelczynski, 284 F.R.D. at 368. At this "decertification stage," the court applies a heightened fact-specific standard to the "similarly situated" analysis. Steinberg, 2011 WL 1335191, at *2. "Courts have identified a number of factors to consider at this stage, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendants that appear to be individual to each plaintiff; and (3) fairness and procedural considerations." Curtis v. Time Warner Entm't-Advance/Newhouse P'ship, No. 3:12-cv-2370-JFA, 2013 WL 1874848, at *3 (D.S.C. May 3, 2013) (internal quotation marks and alterations omitted). If the court determines that the plaintiffs

2

are not, in fact, similarly situated, the court may decertify the class, dismiss without prejudice the opt-in plaintiffs' claims, and permit the named plaintiffs to proceed on their individual claims. Id.

A collective action under the FLSA differs from a class action under Rule 23 of the Federal Rules of Civil Procedure. See 7B Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1807 (3d ed. 2005). Unlike Rule 23 class actions, in FLSA collective actions, "plaintiffs must affirmatively 'opt in' to the suit in order to be considered a member of the class"; Rule 23's requirements of numerosity, typicality, commonality, and adequacy do not apply; and plaintiffs need only show that they and potential class members are "similarly situated" for the Court to certify the collective action. Mancia v. Mayflower Textile Servs. Co., No. CCB-08-273, 2008 WL 4735344 at *2 (D. Md. Oct. 14, 2008).

Higgins v. James Doran Co., Inc., No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1–2 (D.S.C. July 28, 2017). As a fellow colleague in the Western District of North Carolina explained in In Re Family Dollar FLSA Litigation:

Notice must be premised upon a "factual nexus" between plaintiffs and the proposed class members that is sufficient to demonstrate that [they] together were victims of a common policy or plan that violated the law. Reliance on a common job description and a uniform classification of Store Managers as exempt is insufficient for conditional certification. Even under the less strict notice stage standard, courts deny conditional certification where plaintiffs allege that potential collective action members are similarly situated because they were improperly classified by their employer as exempt from the FLSA because employees' status under the FLSA may vary, even if they have the same job title, if their job responsibilities and duties differ among each other.

Under the FLSA, the court must examine the duties the employee actually performs in determining whether an employee is exempt. This analysis is extremely individual and fact-intensive, requiring a detailed analysis of the time spent performing managerial duties and a careful factual analysis of the full range of the employee's job duties and responsibilities. Employees with the same job title do not necessarily perform the same work, and thus courts deny notice where an individual determination of each class member's job duties is necessary to determine whether the employee was properly classified as exempt.

In re Family Dollar FLSA Litig., No. 3:08MD1932-GCM, 2014 WL 1091356, at *1–2 (W.D.N.C. Mar. 18, 2014) (internal quotations and citations omitted).

Bearing these principles in mind, the Court finds that conditional certification, even under a lenient standard, is inappropriate on this record. Plaintiff has failed to demonstrate she is similarly situated sufficient to warrant conditional certification or a court-approved notice. Even if she could, the Court sees no benefit here for conditional certification at this stage, especially in light of the need for an individual determination of each potential class member's job responsibilities and duties, as well as the small number of potential class members. See id., see also Pelczynski, 284 F.R.D. at 369 ("At best, a collective action would present the same manageability difficulties that separate actions would.").

The Court notes the denial of conditional certification does not mean this action cannot proceed as an FLSA collective action. Conditional certification only refers to the district court's exercise of its discretionary power to facility the sending of notice to potential class members. See In re Family Dollar FLSA Litig., 637 F.3d 508, 518 (4th Cir. 2011). Additional plaintiffs may join the action even if conditional certification never occurs. Myers v. Hertz Corp., 624 F.3d 537, 555 n. 10 (2d Cir. 2010). Thus, although Plaintiff's motion for conditional certification is denied, the Court, *sua sponte*, will extend the time for amendment of the Complaint to March 1, 2019, to allow a reasonable time for other plaintiffs to join in this action.

## II. JOINT MOTION TO AMEND SCHEDULING DEADLINES

While the Motion to Certify was pending, the parties moved to amend the Case Management Order (Doc. No. 16). In light of the parties' consent to that motion and the Court's ruling denying conditional certification, the Court GRANTS the motion with modification to the parties' proposed deadlines and hereby sets the following deadlines:

| | |
|---|---|
| **Motion to Amend Pleadings:** | March 1, 2019 |
| **Discovery Completion:** | May 10, 2019 |
| **ADR:** | May 24, 2019 |
| **Dispositive Motions (filed):** | June 7, 2019 |
| **Dispositive Motions (hearing):** | August 5-16, 2019 |
| **Pretrial Submissions:** | 7 calendar days before FPC |
| **Final Pretrial Conference (FPC):** | To be determined |
| **Trial Setting:** | Term beginning September 3, 2019 |

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Conditional Certification and Judicial Notice under 29 U.S.C. § 216(b), (Doc. No. 17) is DENIED, and the parties' Joint Motion to Amend Scheduling Order (Doc. No. 23) is GRANTED IN PART and DENIED IN PART subject to the modifications above.

IT IS SO ORDERED.

Signed: January 15, 2019

Frank D. Whitney
Chief United States District Judge