UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF NORTH CAROLINA
                         CHARLOTTE DIVISION

| | |
|---|---|
| CATHERINE E. SHARKEY, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>FORTRESS SYSTEMS INTERNATIONAL, INC., d/b/a FORTRESS MOBILE; and ZHONG SU, individually,<br><br>  Defendants. | Civil Action No.3:18-cv-00019-FDW-DCK<br><br>**JOINT PROPOSED JURY INSTRUCTIONS** |

1.   Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.[1]

In this case, Ms. Sharkey and Mr. Sevean claim that Fortress did not pay them overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. To succeed on their claim against Fortress, Ms. Sharkey and Mr. Sevean must prove each of the following facts by a preponderance of the evidence:

First:  Ms. Sharkey and Mr. Sevean were employees of Fortress and were employed by an enterprise engaged in commerce; and

Second:  Fortress failed to pay Ms. Sharkey and Mr. Sevean overtime pay required by law; and

Third:  Fortress knew or should have known of uncompensated work by Ms. Sharkey and Mr. Sevean.[2]

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Ms. Sharkey and Mr. Sevean must prove by a preponderance of the evidence that they were employees employed by an enterprise engaged in commerce or in the production of goods for commerce. The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. An "enterprise engaged in commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by 40. To calculate how much overtime pay was owed to Ms. Sharkey or Mr. Sevean for a certain week, subtract 40 from the total number of hours she or he worked and multiply the difference by the overtime rate. Fortress failed to pay the required overtime pay if it paid less than that amount.

In this case, Fortress claims that Mr. Sevean is exempt from the FLSA's overtime provisions because he was "employed in the capacity of outside salesman". To establish that he is exempt, Fortress must prove each of the following facts by a preponderance of the evidence:

That he was an employee (1) whose primary duty is: (i) making sales, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by

the client or customer; and (2) who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

The term "primary duty" means the principal, main, major, or most important duty that the employee performs. In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work. Other work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries, and attending sales conferences.

The term "customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one.

If you find that Mr. Sevean is exempt, you will not decide the issue of Mr. Sevean's damages. But if you find that Mr. Sevean is not exempt, you must decide the issue of Mr. Sevean's damages.

The amount of damages is the difference between the amounts Ms. Sharkey and Mr. Sevean should have been paid and the amount they were actually paid. **PLAINTIFF OBJECTS - The FLSA provides for mandatory liquidated damages in an amount equal to the unpaid overtime compensation. 29 U.S.C. 216(b). Defendant can only avoid liquidated damages if a district court, in its sound discretion, may refuse to award liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or**

omission was not a violation of the [FLSA]." 29 U.S.C. § 260. The employer bears the burden of proof in establishing this defense. *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985).

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Ms. Sharkey and Mr. Sevean claim that Fortress failed to keep and maintain adequate records of their hours and pay. Ms. Sharkey and Mr. Sevean claim that Fortress's failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claims.

If you find that Fortress failed to keep adequate time and pay records for Ms. Sharkey or Mr. Sevean and that they performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

2. Equal Pay Act – 29 U.S.C. §§ 206(d)(1) and (3)[3]

In this case, Ms. Sharkey claims that Fortress violated a federal law called the Equal Pay Act. This law is designed to prevent sex-based wage discrimination by employers. To succeed on her claim, Ms. Sharkey must prove the following four facts by a preponderance of the evidence:

First: Fortress is an employer;

Second: Fortress has employed Ms. Sharkey and a male/ employee in jobs requiring substantially equal skill, effort, and responsibility;

Third: The two jobs are performed under similar working conditions;

Fourth: Fortress paid Ms. Sharkey a lower wage than the similarly situated male employee.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The parties have agreed that Fortress is an employer subject to the Equal Pay Act's provisions. You should consider that a proven fact.

For the second element, you must consider whether Ms. Sharkey's job required substantially equal skill, effort, and responsibility as the male employee's job. You should compare the jobs – not the individual employees holding those jobs. The two jobs do not have to be identical. Rather, the law requires proof that the two jobs be "substantially equal" in skill, effort, and responsibility. Insignificant or trivial differences can be disregarded. The important comparison is the two jobs' actual work or performance requirements – not the job titles, classifications, or descriptions.

To decide whether the jobs require substantially equal "skill," you should consider factors such as the level of education, experience, training, and ability required to perform the two jobs. Remember – you are comparing jobs, not employees, so the fact that the male employee has a qualification that Ms. Sharkey does not have is only relevant if that qualification is necessary for the male employee's job.

To decide whether the jobs require substantially equal "effort," you should compare the amount of physical and mental exertion needed to perform each job. You should weigh duties that result in mental or physical fatigue and emotional stress, or factors that alleviate fatigue and stress, to assess the relative effort involved. Equal effort does not mean that employees must use effort in the same way. If there is no real difference in the amount or degree of effort it takes to perform each job, the jobs require equal effort. But if one job requires additional tasks that take more time and effort, the two jobs do not require substantially equal effort.

To decide whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability that each job requires. You may consider factors such as: (a) whether the employees are expected to direct or supervise the work of others; (b) whether the employees are authorized to represent Fortress in dealing with customers, suppliers, or other third parties; and (c) the potential consequences to Fortress of inadequate or improper performance of the jobs.

For the third element, Ms. Sharkey must prove that the jobs are performed under similar working conditions. Note that the test here is whether the working conditions are "similar" – they do not need to be substantially equal. To decide whether relative working conditions are similar, you should consider the physical surroundings or the environment in which the work is performed, including the elements to which employees may be exposed. You should also consider travel requirements as well as any work hazards, including the frequency and severity of any risks of injury.

For the fourth element, Ms. Sharkey must prove that Fortress paid her a lower wage than her male counterpart. To determine this, you should consider all forms of compensation including wages, salary, profit sharing, expense accounts, monthly minimums, bonuses, uniform-cleaning allowances, hotel accommodations, use of a company car, gasoline allowances, and fringe benefits.

If you find that Ms. Sharkey has proved each element she must prove, you must decide whether Fortress has established its affirmative defense. To establish its affirmative defense, Fortress must prove by a preponderance of the evidence that the difference in the amount of pay between the jobs was not because of Ms. Sharkey's sex but was the result of a factor other than sex.

Ms. Sharkey claims that the difference in pay was not the result of a factor other than sex and that Fortress's reason for the difference is only an excuse for paying higher wages to men for equal work.

If you find that Fortress has established its affirmative defense, your verdict must be in favor of Fortress, and you will not decide the issue of Ms. Sharkey's damages. But if you find that Fortress has not established its affirmative defense, you must decide the damages issue.

When considering the issue of Ms Sharkey's compensatory damages, you should determine what amount, if any, has been proven by Ms. Sharkey by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Sharkey's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Fortress. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following element of damage, to the extent you find that Ms. Sharkey has proved it by a preponderance of the evidence, and no others: the amount of Ms. Sharkey's lost compensation. Ms. Sharkey's lost compensation is the difference between the amount Fortress should have paid Ms. Sharkey and the amount Fortress actually paid Ms. Sharkey.

**PLAINTIFF OBJECTS - Under the EPA, a successful plaintiff is automatically entitled to liquidated damages in an amount equal to actual damages unless the employer can meet the "substantial" burden of proving, as an affirmative defense, that the employer was acting in good faith and upon reasonable grounds that its conduct was legal. *Richard v. Marriott Corp*., 549 F.2d 303, 306 (4th Cir. 1977)**

3.      Title VII of Civil Rights Act of 1964[4]

In this case, Ms. Sharkey claims that Fortress violated a federal law called Title VII of the Civil Rights Act of 1964. This law is also designed to prevent sex-based wage and other

discrimination by employers. To succeed on her claim, Ms. Sharkey must prove the following facts by a preponderance of the evidence:

First: Ms. Sharkey is female; and

Second: that the job she occupied was similar to higher paying jobs occupied by males; and

Third: that Fortress intended to discriminate against Ms. Sharkey on the basis of sex.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

As with the Equal Pay Act, for the second element, you must consider whether Ms. Sharkey's job required substantially equal skill, effort, and responsibility as the male employee's job. You should compare the jobs – not the individual employees holding those jobs. The two jobs do not have to be identical. Rather, the law requires proof that the two jobs be "substantially equal" in skill, effort, and responsibility. Insignificant or trivial differences can be disregarded. The important comparison is the two jobs' actual work or performance requirements – not the job titles, classifications, or descriptions.

To decide whether the jobs require substantially equal "skill," you should consider factors such as the level of education, experience, training, and ability required to perform the two jobs. Remember – you are comparing jobs, not employees, so the fact that the male employee has a qualification that Ms. Sharkey does not have is only relevant if that qualification is necessary for the male employee's job.

To decide whether the jobs require substantially equal "effort," you should compare the amount of physical and mental exertion needed to perform each job. You should weigh duties that result in mental or physical fatigue and emotional stress, or factors that alleviate fatigue and stress,

to assess the relative effort involved. Equal effort does not mean that employees must use effort in the same way. If there is no real difference in the amount or degree of effort it takes to perform each job, the jobs require equal effort. But if one job requires additional tasks that take more time and effort, the two jobs do not require substantially equal effort.

To decide whether the jobs involve substantially equal "responsibility," you should consider the degree of accountability that each job requires. You may consider factors such as: (a) whether the employees are expected to direct or supervise the work of others; (b) whether the employees are authorized to represent Fortress in dealing with customers, suppliers, or other third parties; and (c) the potential consequences to Fortress of inadequate or improper performance of the jobs.

For the third element, Ms. Sharkey must prove that her gender, female, motivated Fortress's decision to pay her at a lower rate than higher paying jobs occupied by males – that Fortress's decision was intentional.

If you find that Ms. Sharkey has proved each element she must prove, you must consider Ms Sharkey's compensatory damages. If you have already awarded Ms. Sharkey compensatory damages under the Equal Pay Act, you should not again award compensatory damages under this claim. You should determine what amount, if any, has been proven by Ms. Sharkey by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Sharkey's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Fortress. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following element of damage, to the extent you find that Ms. Sharkey has proved it by a preponderance of the evidence, and no others: the amount of Ms.

Sharkey's lost compensation.  Ms. Sharkey's lost compensation is the difference between the amount Fortress should have paid Ms. Sharkey and the amount Fortress actually paid Ms. Sharkey.

**PLAINTIFF OBJECTS: Punitive damages are permitted for a violation of Title VII and Plaintiff's Complaint seeks punitive damages.**

---

[1] 4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq., 11th Cir. Pattern Jury Inst. (Civil 2019).

[2] *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 109 (4th Cir. 1988); *Davis v. Food Lion, Inc.*, 792 F.2d 1274, 1276 (4th Cir. 1986).

[3] 4.13 Equal Pay Act – 29 U.S.C. §§ 206(d)(1) and (3), 11th Cir. Pattern Jury Inst. (Civil 2019).

[4] 4.13 Equal Pay Act – 29 U.S.C. §§ 206(d)(1) and (3), 11th Cir. Pattern Jury Inst. (Civil 20190; *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 455 (4th Cir. 1989) (the sex discrimination provisions of Title VII and the EPA are to be construed in harmony); *Brinkley–Obu v. Hughes Training, Inc.*, 36 F.3d 336, 343 (4th Cir. 1994).

Respectfully submitted this the 24th day of September 2019.

| | |
|---|---|
| */s/ L. Michelle Gessner* | /s/ *Frederick M. Thurman, Jr.* |
| L. Michelle Gessner, NCSB#26590 | Frederick M. Thurman, Jr., NCSB# 26159 |
| Email: michelle@mgessnerlaw.com | Email: fthurman@shumaker.com |
| THE LAW OFFICES OF MICHELLE GESSNER PLLC | SHUMAKER LOOP & KENDRICK LLP |
| 435 East Morehead Street | 101 S. Tryon Street, Suite 2200 |
| Charlotte, North Carolina 28202 | Charlotte, North Carolina 28202 |
| Tel: (704) 234-7442 | Tel: (704) 375-0057 |
| | |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |