UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3-18-cv-00019

| | |
|---|---|
| CATHERINE E. SHARKEY and RON SEVEAN<br><br>Plaintiffs,<br><br>v.<br><br>FORTRESS SYSTEMS INTERNATIONAL, INC., d/b/a FORTRESS MOBILE, and ZHONG SU, individually<br><br>Defendant. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR NEW TRIAL |

## I. INTRODUCTION AND BOTTOM LINE UP FRONT

Plaintiffs Catherine Sharkey ("Sharkey") and Ron Sevean ("Sevean") move for a new trial on the following grounds: (1) there was sufficient evidence for judgment as a matter of law in Sharkey's favor that Fortress violated the Equal Pay Act ("EPA"), or in the alternative, sufficient evidence for a reasonable jury to find Fortress violated the EPA; (2) there was sufficient evidence for judgment as a matter of law in Sharkey's favor that Fortress violated Title VII of the Civil Rights Act of 1964, as amended ("TitleVII"), or in the alternative, there was sufficient evidence for a reasonable jury to find Fortress violated Title VII; (3) there was plain error in the jury instructions as to the burden of proof required for Fair Labor Standards Act ("FLSA") violations; (4) there was plain error in the jury instructions as to the burden of proof required for FLSA exemptions; and (5) the jury verdict forms did not adequately present the contested issues to the jury and were not fair.

## II. SHARKEY IS ENTITLED TO A NEW TRIAL ON THE COURT'S JUDGMENT AS A MATTER OF LAW IN FAVOR OF FORTRESS

At the close of Sharkey's evidence, Defendants Fortress and Su (collectively "Fortress") moved for a directed verdict on Sharkey's claims for violation of the EPA and Title VII on the grounds that Sharkey failed to prove she was paid less than a male comparator, Mark Cotton. The Court granted the motion, even though Fortress previously stipulated that Cotton was paid more than Sharkey and this is the reason Sharkey did not introduce evidence on that element. Instead, Sharkey focused on presenting sufficient evidence establishing the other elements. Moreover, Fortress also stipulated that it had no evidence to prove three of the four statutory defenses for Sharkey's EPA claim which also impacted its ability to defend her Title VII claim.

The stipulations were filed with the Court on two occasions, but apparently were overlooked by both the Court and Fortress until the hearing on the motion. During the hearing, the Court ruled it would disregard the stipulations because they were not read into the record prior to the motion. But the Court, not the jury, was deciding Defendants' Motion for judgment as a matter of law. The stipulations were judicial admissions that were binding on Fortress in which Fortress conceded Sharkey was paid less than a male comparator and admitted essentially admitted it had no evidence to support any statutory defenses. Fortress chose not to refute the remaining element through cross examination of Sharkey in her case in chief. There was not only sufficient evidence for these two claims to go to the jury, the Court had sufficient evidence to rule sua sponte that Sharkey was entitled to a judgment as a matter of law. A sua sponte ruling is appropriate and permissible at this juncture in the alternative to an entirely new jury trial.

The Court also excluded evidence of a second male who was paid more than Sharkey for performing the same job under the same circumstances - Plaintiff Ron Sevean. The Court refused to consider the evidence on the grounds that Sharkey inadvertently omitted a response to a

discovery request requesting identification of males paid more than Sharkey. However, without a violation of a court order compelling a response, this evidence sanction related to information sought during discovery was procedurally improper. There was likewise sufficient evidence to grant a judgment as a matter of law using Sevean as the comparator, or in the alternative, to submit the claims to the jury.

For either or both of these reasons, the Court should grant a new trial on Sharkey's EPA and Title VII claims, and either grant a sua sponte judgment as a matter of law in Sharkey's favor (with notice to Fortress) or allow a jury to decide the claims.

### A. Facts related to erroneous judgment as a matter of law.

#### 1. Fortress' Pretrial Stipulations

Prior to trial, as part of the required pretrial submissions pursuant to the Court's Pretrial Order [ECF Nos. 16 and 24] Fortress stipulated that Sharkey was subjected to a pay structure that offered her less pay than Cotton. [ECF No. 70-1 at Stipulation 36] Fortress further stipulated there is no evidence as to three of the four statutory defenses. Specifically, it stipulated that Sharkey's pay structure *was not set* according to: 1) a seniority system; 2) a merit system; or 3) a system based on quantity or quality of output. [ECF No. 70-1 at Stipulation 37]

The stipulations were twice filed with the Court by Cyber Clerk on September 24, 2019 with the required Joint Proposed Pretrial Order and via email on November 1, 2019 as requested by the Court during the pretrial conference.

#### 2. Evidence presented in Sharkey's case in chief.

##### a. Evidence proving Cotton was a comparator.

Based on the stipulations, Sharkey did not introduce evidence she earned less than Cotton or that the disparity was based on factors other than her gender. To meet the non-

stipulated elements of her EPA claim, Sharkey testified that she and Cotton performed equal work on jobs requiring equal skill, effort, and responsibility. She further testified that she and Cotton performed their jobs under similar working conditions. She testified she had more responsibility than Cotton because she had responsibility for providing sales support for Defendants across the United States in addition to meeting her own stated sales quota, calls, and other demands made by Defendants. She also testified she had more experience than Cotton selling specifically to school districts, undisputedly Fortress' main business line. *This testimony was uncontroverted as Fortress' counsel did not cross-examine Sharkey.*

      **b.**      **Evidence and concessions regarding Sevean as a comparator**

In response to Fortress' oral motion for directed verdict based on its misunderstanding of its own stipulations regarding Cotton, Sharkey directed the Court the existence of sufficient evidence before the jury that Plaintiff Sevean was also an established comparator. The evidence regarding Sevean showed that Sharkey was also paid less than him for equal work on jobs requiring equal skill, effort, and responsibility and that she and Sevean performed their jobs under similar working conditions. A comparison of Sharkey's Sales Agent Agreement and Sevean's Sales Agreement clearly showed Sharkey and Sevean had the responsibilities for more sales, more calls. [Plaintiffs' Trial Exhibit No. 1 (ECF Nos. 34-1 at pp. 39-52), Plaintiffs' Trial Exhibit No. 2 (ECF No. 34-5 at 155-1680, and 70-2] Sevean testified that while he had significant sales experience, he was new to the school bus market. Sharkey testified she had more job responsibilities than Sevean and more experience selling specifically to school districts, undisputedly Fortress' main business line. *This evidence was uncontroverted as Fortress' counsel did not cross examine either witness on this issue.* Fortress' motion for directed verdict conceded Sevean was paid more than Sharkey - "the pay differential established by Plaintiff in

4

this case was minimal." [ECF 69 at p. 3]

### 3. Disclosures and discovery regarding males paid more than Sharkey.

Pursuant to the Court's standing orders, Fortress requested Sharkey waive Rule 26 disclosures and the parties stipulated to do so. Fortress conducted very little discovery. On March 22, 2019, Fortress served Interrogatories and Requests for Productions of Documents. In preparing her responses, Sharkey overlooked the question asking about males who were paid more than Sharkey. The question and answer were split between two pages, with the question positioned at the bottom of the page and the space for the answer appearing at the top of the next page. This was the only omitted response in the set of responses. [ECF No. 34-1 at p. 25-26] Fortress deposed Sharkey for 45 minutes the day after the responses were received. [ECF No. 34-1 at p. 4-14] The responses were marked as an exhibit and Fortress' counsel questioned Sharkey on them. Id. at p. 4-5. However, Fortress never acknowledged the inadvertent omission and did not move to compel a further response. There is no court order compelling Sharkey to respond to the interrogatory and no failure to comply with a court order compelling the same.

### B. Arguments related to erroneous judgment as a matter of law.

When determining whether to grant a motion for a new trial pursuant to Federal Rule of Civil Procedure 59, a court may weigh the evidence and consider the credibility of witnesses. *Cline v. Wal-Mart Stores, Inc*., 144 F.3d 294, 301 (4th Cir. 1998). A new trial may be granted if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Id.* at 301.

Granting a motion for judgment as a matter of law is only proper "if there can be but one reasonable conclusion as to the verdict." *Ocheltree v. Scollon Prods., Inc.,* 335 F.3d 325, 331

(4th Cir. 2003) (en banc). Under FRCP 50(a)(1), a court must "review all the evidence in the record ... [and in] doing so, draw all reasonable inferences in favor of the nonmoving party ... [without] mak[ing] credibility determinations or weigh[ing] the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149-50 (2000). The motion is "properly granted if the nonmoving party failed to make a showing on an essential element of [her] case with respect to which [she] had the burden of proof." *Id*.

A court can grant a Rule 50(b) motion for judgment as a matter of law sua sponte. See, e.g., *Gavin v. Koons Buick Pontiac GMC*, 28 Fed. Appx. 220, 223 (4th Cir. 2002); *P&G v. Amway Corp*., 242 F.3d 539, 559 (5th Cir. 2001); *Pahuta v. Massey-Ferguson, Inc*., 170 F.3d 125, 129 (2d Cir. 1999); *see also Peterson v. Peterson*, 400 F.2d 336, 343 (8th Cir. 1968). The court's discretion to enter judgment as a matter of law sua sponte supports the principle that a trial court should have "an opportunity, after all [its] rulings have been made and all the evidence has been evaluated, to view the proceedings in a perspective peculiarly available to [the trial court] alone. [The court] is thus afforded 'a last chance to correct [its] own errors without delay, expense, or other hardships of an appeal.'" *Cone v. West Virginia Pulp & Paper Co*., 330 U.S. 212, 216, 67 S. Ct. 752, 91 L. Ed. 849 (1947) (quoting *Greer v. Carpenter*, 323 Mo. 878, 19 S.W.2d 1046, 1047 (1929)).

The Court's ruling on Fortress' motion was against the clear weight of the evidence and will result in a miscarriage of justice. When the Court properly considers the stipulations regarding Cotton and the evidence and concessions regarding Sevean, it should consider granting a directed verdict in Sharkey's favor, or at the very least, allowing the claims to be decided by a jury.

### 1. There was sufficient evidence to grant judgment as a matter of law in favor of Sharkey, or in the alternative, for a reasonable jury to find Fortress violated the EPA.

To establish a prima facie case under the EPA, a plaintiff must demonstrate: (1) the employer paid different wages to an employee of the opposite sex, (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions. *Spencer v. Virginia State Univ.*, 919 F.3d 199, 204 (4th Cir. 2019). After the plaintiff establishes a prima facie case, the burden shifts to the employer to prove, by a preponderance of the evidence, that the pay differential is justified by one of the four statutory exemptions of: a seniority system, a merit system, a system which measures earnings by quantity or quality of production or a differential based on any other factor other than sex. *E.E.O.C. v. Aetna Insurance Company*, 616 F.2d 719, 724 (4th Cir. 1980).

#### a. A directed verdict on the EPA claim with Cotton as a comparator was error.

The first basis for Fortress' motion for directed verdict is that "Plaintiff introduced no evidence that Mark Cotton was paid higher wages than her, and her case fails on that element." [ECF No. 69 at p. 1] This is the only argument Fortress made regarding Cotton as a comparator. Fortress made no arguments regarding the second two elements - equal jobs under similar circumstances. After arguing Sharkey introduced no evidence regarding the wages Cotton was paid, the motion as to Cotton drops off. The remainder of the argument relates to Ron Sevean as a comparator.

However, the reason Sharkey did not put on any evidence that Cotton was paid more than her is because *Fortress stipulated to the disparity in pay* in a formal stipulation filed with the Court as part of the pretrial submissions. For weeks, Sharkey's counsel knew and understood that proving Cotton was paid more was no longer part of her burden at trial. Indeed, such stipulations

7

are binding upon the parties. In *Minter v. Wells Fargo Bank, N.A.,* 762 F.3d 339, the Fourth Circuit made it clear that it adheres to the conviction that a stipulation is a form of judicial admission that cannot be modified or withdrawn without the express approval of the court. *Minter*, at 347. In quoting the learned Professor Wigmore, the Fourth Circuit explained that a stipulation of "fact is thereafter to be taken for granted; *so that the one party need offer no evidence to prove it and the other is not allowed to disprove it*." *Vander Linden v. Hodges*, 193 F.3d 268, 279 (4th Cir. 1999) (emphasis added).

As such, Fortress' motion for directed verdict on the EPA claim with Cotton as a comparator based solely on the lack of evidence of his salary should have been denied straight away based on that stipulation. And, although the Court indicated during the hearing that Sharkey's counsel was required to read the stipulation to the jury, this does not remove the stipulation from existence for purposes of Fortress being bound by it or *the Court* considering it in ruling on a directed verdict.

There was ample evidence that Cotton and Sharkey did equal work on jobs requiring equal skill, effort, and responsibility, and that those jobs were performed under similar working conditions. Moreover, Fortress gave up all but one of it statutory defenses to Sharkey's EPA claim. Fortress stipulated that the differential in pay *was not due to* a seniority system, a merit system, or a system based on quantity or quality of production. The only statutory defense left for Fortress was to put on affirmative evidence that the differential was based on *any other factor* (i.e. not a seniority system, merit system, or system based on quality or quantity). Fortress had no such evidence. It escaped liability on a technicality – the stipulations everyone but Sharkey forgot about, which the Court concluded had to be read into the record to be considered.

There does not appear to be any legal requirement for Sharkey to read the stipulations

8

into the record before resting her case. Anecdotally, see *Fout v. EQT Prod. Co*., 2018 U.S. Dist. LEXIS 12516, *10-11 (ND WV 2018) ["During trial, this Court approved the parties' stipulation agreeing that the defendant has no written policy regarding deductions, and the Court read the stipulation to the jury at the close of evidence at trial. The Court also instructed the jury that the lack of a written policy is a fact that the jury may consider in determining whether the post-production expenses allocated to the plaintiffs were reasonable."]; *Tunstall v. Armstead*, 2017 U.S. Dist. LEXIS 144205. *17 (DC MD, 2017) ["During the jury instructions, Judge Daniels stated the following: Exhibit 59 is a stipulation as to [Petitioner's] prior conviction for illegal possession of a firearm after having been convicted of a crime that would prohibit possession of a firearm. The facts that are in these exhibits are not in dispute and should be considered proven by you."]; *United States v. Teague*, 737 F.2d 378 (4th Cir. 1984) ["The trial judge read to the jury a stipulation as to what the witnesses would have said, and instructed the jury to give the stipulated testimony the same weight as it would have given live testimony."]; *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976) ["The attorneys are directed to hold a conference prior to the trial of the case to explore the possibility of settlement, and in the event the case cannot be settled, the attorneys will prepare a statement of all uncontroverted facts and present the same to the court in the form of a stipulation to be read to the jury, *or considered by the court if a nonjury case.*"] (emphasis added).

### b. A directed verdict on the EPA claim with Sevean as a comparator was error.

Fortress' motion conceded Sevean was paid more than Sharkey and argued only that Sevean's work tasks and experience were different. For purpose of the motion, Fortress conceded Sevean earned more than Sharkey. Further, the testimony and the evidence shows Sharkey was also paid less than Sevean for performing virtually identical job duties under similar

9

working conditions. In fact, the *uncontroverted* testimony is that Sharkey had *more job responsibilities* than Sevean, in addition to performing all the virtually identical job duties. These additional duties are apparent on the face of Fortress' motion.

The Court granted the motion for directed verdict nonetheless, but not based on the grounds proffered by Fortress. The Court refused to consider any evidence related to Sevean as a comparator based on an oversight in Sharkey's discovery responses. Interrogatory 16 asked Sharkey to identify all male employees who were compensated less than her. The question was the last one on the page of Sharkey's prepared responses and was inadvertently left blank. Of the 19 responses, it is the only one left blank. The interrogatory and Answer were split between pages 9 and 10 of the response; clearly the omission was inadvertent.

Fortress did not seek a supplemental response or move to compel. There was no court order compelling Sharkey's response. Nonetheless, the Court excluded the evidence of Sevean as a comparator and ruled the burden was on Sharkey to supplement her discovery responses or be barred from presenting the evidence at trial. Although this may be the law under Rule 37(e), which relates to Rule 26 disclosures, it is not the law under Rule 37(b), governing discovery. Under that section, Sharkey would not be subject to an evidence sanction unless she first disobeyed a court order to provide a complete response to the interrogatory. Fortress did not move to compel and Sharkey did not violate a court order compelling her response. Short of that, the evidence sanction under 37(b) was not warranted or proper.

Sharkey is entitled to a new trial on her EPA claim.

2. **There was sufficient evidence to grant judgment as a matter of law in favor of Sharkey, or in the alternative for a reasonable jury to find Fortress violated Title VII.**

A wage discrimination claim under Title VII can be proved through direct or

circumstantial evidence. *Brinkley-Obu v. Hughes Training*, 36 F.3d 336, 343 (4th Cir. 1994). Under the circumstantial evidence framework, a plaintiff may establish a prima facie case of disparate treatment by demonstrating that: "she is female, i.e., a member of a protected class, and that the job she occupied was similar to higher-paying jobs occupied by males." *Id*. (citing *Miranda v. B & B Cash Grocery Store, Inc*., 975 F.2d 1518, 1526 (11th Cir. 1992)). The Fourth Circuit has suggested that a Title VII disparate treatment claim employs a "relaxed standard of similarity between male and female-occupied jobs" in comparison to an EPA claim. *Id*. However, a plaintiff in a Title VII claim bears the additional "burden of proving an intent to discriminate on the basis of sex." *Id.*

Fortress' motion first argued there was no evidence Cotton earned more than Sharkey. This is belied by the pre-trial stipulation, in which Fortress admitted to the disparity.

Fortress also argued Sharkey did not prove she was similarly situated to Cotton or Sevean "in all respects." (emphasis in original) [ECF No. 69 at p. 3] But similarly situated "in all respects" merely means the individuals are those *employed in the same capacity and with the same supervisors*. See *Monk v. Potter*, 723 F.Supp. 2d 860, 877-78 (E.D. Va. 2010), aff'd, 407 Fed. Appx. 675 (4th Cir. 2011); *see also Horton v. Alltel Communs., Inc*., 2009 U.S. Dist. LEXIS 56740, 2009 WL 1940059, at *25 (W.D.N.C. July 2, 2009). The evidence certainly met this relaxed standard under Title VII.

As such, Sharkey made a prima facie showing of discrimination under Title VII. Fortress stipulated that Sharkey was subjected to a pay structure that garnered her less pay than Cotton and conceded in its motion that she was paid less than Sevean. The evidence at trial also proved Sharkey was paid less than Sevean. This met Sharkey's initial burden of proof on all elements of her Title VII claim, since the only other element is that she is female, which is uncontroverted.

11

Further, since the directed verdict motion arose at the conclusion of Plaintiffs' case, Defendants had not yet put on evidence to meet its burden of establishing they had a legitimate, non-discriminatory business reason for the *stipulated* disparities between the pay of Sharkey and Cotton and the conceded disparity between the pay of Sharkey and Sevean.

Sharkey is entitled to a new trial on her Title VII claim.

## III. SHARKEY AND SEVEAN ARE ENTITLED TO A NEW TRIAL ON THE JURY VERDICTS IN FAVOR OF FORTRESS

Under FRCP 51(d)(2), "[a] court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Accordingly, "[t]his court has held that the approach set out by the Supreme Court in [*United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993)], should also be applied in civil cases." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc*., 369 F.3d 385, 396 (4th Cir. 2004); see also *Corti v. Storage Tech. Corp*., 304 F.3d 336, 341 (4th Cir. 2002) ("Before we can exercise our discretion to correct an error not raised below in a civil case, at a minimum, the requirements of [*Olano*] must be satisfied.").

Under the standard established in *Olano*, "there must be an error, that error must be plain, and the error must affect the appellant's substantial rights." *Brickwood Contractors, Inc.*, 369 F.3d at 396. Moreover, "[e]ven if these requirements are met, this court is not required to correct the error." *Id.* Rather, the Fourth Circuit may exercise its discretion "to correct the error only if [it] can conclude, 'after examining the particulars of the case, that the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id*. at 397 (quoting *Taylor v. Va. Union Univ*., 193 F.3d 219, 240 (4th Cir. 1999), abrogated in part on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003)).

12

### A. The jury instruction regarding the burden of proof for an FLSA violation was plain error that seriously affected the fairness of the jury verdict.

Prior to trial, Fortress stipulated that it did not track or record Plaintiffs' hours, had no system in place for tracking or recording Plaintiffs' hours and did not pay Plaintiffs overtime compensation. [ECF No. 70-1] Sharkey testified as to the overtime hours she worked each week. Fortress did not cross-examine her regarding her overtime. Su testified only that he did not know Sharkey was working overtime and that she did not enter overtime hours on her invoices. He also testified that Sharkey put all her calls in Zoho but the system did not reflect overtime based on her calls made. Su did not otherwise refute Sharkey's testimony that she worked 5-15 hours of overtime each week.

On the burden of proof regarding overtime hours worked, the jury was instructed:

> The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Ms. Sharkey and Mr. Sevean claim that Fortress failed to keep and maintain adequate records of their hours and pay. Ms. Sharkey and Mr. Sevean claim that Fortress's failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claims.
>
> If you find that Sharkey and/or Sevean performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

This jury instruction is contrary to the law. Where an "employer's records are inaccurate or inadequate," the employee carries her burden by (1) proving she performed work for which she was improperly compensated; and (2) producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens*

*Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946). If the employee produces sufficient evidence, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. at 687-88. This framework ensures the employee is not "penalize[d]" for being "unable to prove the precise extent of uncompensated work." *Id*. at 687.

The instructions did not state that Fortress had already stipulated that it had no time records for Sharkey. Instead, the instructions suggest this was merely a "claim" Sharkey was making. Further, the jury instructions fail to capture the correct burden of proof under *Mt. Clemens*. There is no mention of the burden shift to Fortress, and the instruction reads as if the burden remains on Sharkey throughout. The erroneous instruction seriously affects the fairness of the trial. Sharkey testified at length as to the overtime she worked, was not cross-examined by Fortress, and Su's testimony regarding the Zoho system did not refute her testimony. Fortress certainly did not come forward with evidence of the precise amount of work performed by Sharkey or introduce evidence to negative the reasonableness of the inference to be drawn from the Sharkey's own testimony.

### B. The jury instruction regarding the burden of proof on an FLSA exemption was plain error that seriously affected the fairness of the jury verdict.

Sevean testified he was not able to make any outside sales because he did not have a demo of the equipment. He testified he spent the majority of his time working from his home on the telephone and internet. Su testified merely that Sevean was hired to be an outside salesperson, not that he actually was. Su did not refute any of Sevean's testimony.

On the burden of proof for the outside sales exemption, the jury was instructed that:

> Fortress claims that Mr. Sevean is exempt from the FLSA's overtime provisions

because he was "employed in the capacity of outside salesman". To establish that he is exempt, Fortress must prove each of the following facts by a preponderance of the evidence:

That Mr. Sevean was an employee (1) whose primary duty is: (i) making sales, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and (2) who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

This instruction was contrary to the law. The employer bear the burden of demonstrating the applicability of an FLSA exemption by clear and convincing evidence. *See Shockley v. City of Newport News,* 997 F.2d 18, 21 (4th Cir. 1993); *see also Speert v. Proficio Mortg. Ventures, LLC*, No. JKB-10-718, 2011 U.S. Dist. LEXIS 62058, 2011 WL 2417133, at *5-6 (D. Md. June 11, 2011) (holding that employer bore the burden of proof to demonstrate that the "outside sales" exemption applied to plaintiffs).

The instructions submitted to the jury incorrectly identified the burden of proof as "preponderance of the evidence" and failed to instruct the jury of the heighted "clear and convincing evidence" standard. This was plain error that seriously affected the fairness of the trial. Sevean introduced sufficient evidence to show that he primarily worked from his home, which is considered the employer's location for purposes of the exemption. He also testified he made no outside sales and was not even given the proper tools and equipment to do so. Fortress offered virtually no evidence to refute Sevean's testimony. Fortress did not prove, by clear and convincing evidence, that Sevean was an exempt outside salesperson.

C. **The jury verdict forms did not adequately present the contested issues to the jury and were not fair.**

The plain error of the defective jury instructions was compounded by the jury verdict

15

forms prepared by the Court. When creating a verdict form, "[i]t is settled in this jurisdiction that the formulation of issues and the form of interrogatories is committed to the sound discretion of the trial judge." *Horne v. Owens—Corning Fiberglas Corp.*, 4 F.3d 276, 284 (4th Cir. 1993) (quoting *Klein v. Sears Roebuck & Co.*, 773 F.2d 1421, 1426-27 (4th Cir. 1985)). When reviewing the verdict form for error post-trial, the Court considers "several factors, including whether the interrogatories adequately presented the contested issues to the jury when read as a whole and in conjunction with the general charge, whether submission of the issues to the jury was fair, and whether the ultimate questions of fact were clearly submitted to the jury." *Id.*

Sharkey's jury verdict form only vaguely and broadly asked the jury to decide if Fortress violated the FLSA. [ECF No. 71] Sharkey's form did not mention overtime or afford the jury the opportunity to analyze and decide if Sharkey worked any amount of overtime during the course of her employment.

Sevean's jury verdict form was likewise broad and vague on the FLSA violation but also misled the jury into thinking it could find Fortress liable for a violation under the FLSA even if Sevean was an exempt outside salesperson. [ECF No. 72] If an employee falls under an exemption, the FLSA does not apply. The jury verdict presented the issues in the reverse order and was confusing and misleading.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Sharkey respectfully requests this Court grant her motion for a new trial on the two discrimination claims the Court dismissed on a directed verdict and then either grant a directed verdict sua sponte in her favor based on the evidence before it, or allow the claims to be submitted to a jury. Plaintiffs Sharkey and Sevean respectfully request this Court grant their motion for new trial on their claims for violation of the FLSA based on plain

16

error in the jury instructions and verdict forms.

This the 5th day of December 2019.

                                      */s/ L. Michelle Gessner*
                                      L. Michelle Gessner
                                      NC State Bar No. 26590
                                      THE LAW OFFICES OF MICHELLE GESSNER, PLLC
                                      435 East Morehead Street
                                      The Mayes House
                                      Charlotte, North Carolina 28202
                                      Telephone: (704) 234-7442; Fax: (980) 206-0286
                                      E-Mail: michelle@mgessnerlaw.com

                                      *Attorney for Plaintiffs*