UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00019-FDW-DCK

| | |
|---|---|
| CATHERINE E. SHARKEY and RON SEVEAN, <br><br> Plaintiff, <br><br> v. <br><br> FORTRESS SYSTEMS INTERNATIONAL, INC., d/b/a FORTRESS MOBILE, and ZHONG SU, individually, <br><br> Defendants. | **MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR NEW TRIAL** |

## I. Introduction

Authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980). The general grounds for a new trial are "that the verdict is against the clear weight of the evidence, that the damages are excessive, that the trial was not fair, or that substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions." 12 Moore's Federal Practice ¶ 59.13[1] (3d ed. 2019). None of these grounds are available to Plaintiffs.

## II. Rule 50 Dismissals of the EPA and Title VII Claims

The Court, being fully briefed, dismissed Plaintiff Sharkey's EPA and Title VII claims at the close of the Plaintiffs' evidence. Rule 50(a) provides: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may ... grant a motion for judgment as a matter of law...."

At the time Plaintiffs rested and Defendants' Rule 50 motion was heard, there was no evidence in the record upon which a reasonable jury could find that proposed comparator Mark Cotton was paid more than Ms. Sharkey. The dismissal, therefore, was appropriate as to comparator Cotton.

After the Court dismissed the EPA and Title VII claims, the Court allowed the Plaintiffs to reopen their case to read in certain stipulations in order to save their FLSA claims. Admittedly, one of those stipulations was that Mr. Cotton was paid more than Ms. Sharkey. The evidence, however, was too late – no different than if a plaintiff attempted to file a new affidavit after her case had been dismissed on summary judgment. *See, e.g., Nickerson v. G.D. Searle & Co.,* 900 F.2d 412, 418 (1st Cir. 1990) ("Even assuming, however, that the asserted stipulation had some tangential bearing on causation, there was another reason for excluding it: plaintiff's failure during trial to offer it as evidence. At no time during the trial did plaintiff's counsel ask that the claimed stipulation be read to the jury or that the pertinent portions of the transcript be marked in evidence.").

Moreover, even if the stipulation were somehow timely, there was still no evidence in the record of how much Mr. Cotton was paid. Evidence of damages is an element of Ms. Sharkey's claim, which she failed to establish.

For the first time at trial, Ms. Sharkey also attempted to use Plaintiff Sevean as a comparator. The Court properly rejected this comparison because Mr. Sevean had not been disclosed as a comparator in discovery. Defendants expressly argued this in their principal summary judgment brief:

> Ms. Sharkey did not plead any specific male comparator in her Amended Complaint. She only generically identified "similarly situated male employees". (Amended Complaint [Doc. 29] at 109). For this reason, her EPA claim should be dismissed. In response to Defendants' interrogatory requesting the identity of

2

> "any and all male employees or contractors of Defendants whom you claim you were compensated less well than", Ms. Sharkey provided no answer, no objection, no referral to other evidence, nothing. (Interrogatory Responses [Doc. 34-4] no. 16 at 9). For this reason, her EPA claim should be dismissed.

[Doc. 35 at 19-20] (emphasis added).

Despite notice of this deficiency, Ms. Sharkey failed to supplement her interrogatory response as required by Rule 26(e)(1)(A). "A party who has ... responded to an interrogatory ... must supplement or correct its ... response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect...." Thus, pursuant to Rule 37(c)(1), "[i]f a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information ... at a trial...." As the Court pointed out, Defendants were under no obligation, beyond disclosing the deficiency, to complete Plaintiff Sharkey's discovery for her or to go to the expense of a motion to compel.

Finally, even if evidence regarding potential comparators Cotton and Sevean were properly in the record, Defendants argued – and the Court held – that Ms. Sharkey had nonetheless failed to establish the other elements of her EPA and Title VII claims.

### A. Equal Pay Act

The burden on a plaintiff in her case in chief to prove violation of the Equal Pay Act is set forth in *Spencer v. Virginia State Univ.*, 919 F.3d 199 (4th Cir. 2019):

(1) the employer paid higher wages to an employee of the opposite sex who

(2) performed equal work on jobs requiring equal skill, effort, and responsibility

(3) under similar working conditions.

*Id.* at 203.

Mr. Sevean described his work as follows:

- He was a regional sales manager and business development manager for the

Northeast.

- He was tasked with establishing Fortress's presence in the Northeast.

- He visited bus companies and school districts on cold calls and knocked on doors.

- He would have face-to-face sales meetings with prospective customers.

- He spent about 30% of his time on the road.

- He attended multiple trade shows in 7 weeks of employment.

- He has over 40 years of experience in sales.

- He is one of the top 5 in his field.

Ms. Sharkey described her work as follows:

- She was the sales support manager for Fortress's outside sales team.

- She was responsible for setting up calls or otherwise assisting Fortress's salespeople.

- She performed many back-office functions, such as developing Fortress's customer relationship management software templates.

- She attended 1 trade show in 6 months of employment.

- Her resume indicates she had less than 4 years of experience in sales.

According to Jack Su's testimony, Mr. Cotton was Defendants' Southeast Regional Sales Manager – an outside salesperson. Ms. Sharkey did not elicit any other testimony of significance regarding Mr. Cotton's position, such that any legitimate comparison could be made.

Ms. Sharkey and Mr. Sevean did not perform "equal work" on "jobs requiring equal skill, effort, and responsibility". Ms. Sharkey and Mr. Sevean were not even employed at the same time. In the EPA context, "equal" means "virtually identical". *Id.* at 203. *Spencer* rejected a university professor's comparison of herself to other professors in different departments, with

4

different credentials, and different responsibilities. While Ms. Sharkey argued that she and Mr. Sevean were both in sales, the comparison ends there. Ms. Sharkey's attempt to compare herself to Mr. Cotton fails on these elements for the same reasons.

The analysis turns on whether the jobs to be compared share a "common core" of tasks. *Hassman v. Valley Motors, Inc.*, 790 F. Supp. 564, 567 (D. Md. 1992) (cited for this proposition with approval in *Dibble v. Regents of Univ. of Maryland System*, 89 F.3d 828 (Table) (4th Cir. 1996) (unpublished)). However, "jobs do not automatically involve equal effort or responsibility even if they 'entail most of the same routine duties.'" *Wheatley v. Wicomico*, 390 F.3d 328, 333 (4th Cir. 2004) (quoting *Hodgson v. Fairmont Supply Co.*, 454 F.2d 490, 493 (4th Cir. 1972)). Jobs with a shared common core of tasks may be considered unequal if the more highly paid job involves additional tasks requiring extra effort or time or contributes economic value "commensurate with the pay differential." *Hodgson*, 454 F.2d at 493 (quoting *Hodgson v. Brookhaven Gen. Hosp.*, 436 F.2d 719, 725 (5th Cir. 1970)).

### B.  Title VII

Title VII, in contrast to the EPA, requires establishing <u>intentional</u> discrimination. *Spencer,* 919 F.3d at 207. A *prima facie* pay-disparity case requires a plaintiff to establish (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive. Where, as here, the prima facie case of wage discrimination is based on comparators, the plaintiff must show that she is paid less than men in similar jobs. *Id.*

Although Title VII only requires "similar" jobs, as opposed to "equal" under the EPA, a "plaintiff must provide evidence that the proposed comparators are not just similar in some respects, but similarly-situated <u>in all respects</u>." *Id.* (emphasis added).

5

Again, Ms. Sharkey did not prove that she was paid less than Mr. Cotton or even how much Mr. Cotton was paid. Further, Ms. Sharkey did not prove that she was similarly situated to either Mr. Sevean or Mr. Cotton <u>in all respects</u>. To the contrary, there are many differences in their roles.

Further, Ms. Sharkey offered no direct evidence of discriminatory intent, such as sexist language in the workplace or a "smoking gun" email. At most, Ms. Sharkey testified that John Emory, her supervisor, "berated" her on telephone calls. This, however, occurred well after Fortress employed Ms. Sharkey at $6,666.00 per hour in April 2017, presumably when the alleged discriminatory pay decision was made. Also, compare *Brinkley-Obu*, 36 F.3d at 354 (finding indirect evidence of discriminatory intent where plaintiff's employer compensated a subordinate at a higher rate, reassigned some of plaintiff's job duties to the subordinate, and suggested that plaintiff needed to choose "between having a career and being a mama"); with *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (declining to find discriminatory intent in discriminatory discharge case where plaintiff's complaint merely alleged in conclusory fashion that white employee was not disciplined for the same improprieties as plaintiff).

### III. Jury Verdicts on the FLSA Claims

Plaintiffs next argue that a new trial should be granted because of perceived errors in the jury instructions. Defendants first served proposed jury instructions on Plaintiffs on September 24, 2019, in a form substantially identical to those ultimately adopted by the Court and agreed to by the parties. Plaintiffs filed Defendants' jury instructions the same day, noting limited objections, none of which relate to Plaintiffs' grounds for a new trial. [Doc. 49]. At no time thereafter, nor at trial, did Plaintiffs object to the jury instructions which relate to Plaintiffs'

grounds for a new trial.

The Fourth Circuit has held that "despite the important strictures of Fed. R. Civ. P. 51, instructional error may be noticed in civil cases despite failures to make proper contemporaneous objection, when the error is 'plain' or 'fundamental.'" *Spell v. McDaniel*, 824 F.2d 1380, 1398-99 (4th Cir. 1987). This only occurs when "a particular jury instruction must necessarily have caused the jury to act in complete ignorance of, or to have misapplied, fundamentally controlling legal principles to the inevitable prejudice of an aggrieved party." *Id.* at 1399.

### A. Jury Instruction on Plaintiffs' FLSA Burden

The Supreme Court has held:

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work.... In such a situation we hold that an employee has carried out his burden [1] if he proves that he has in fact performed work for which he was improperly compensated and [2] if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

The Court instructed the jury as follows:

> The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Ms. Sharkey and Mr. Sevean claim that Fortress failed to keep and maintain adequate records of their hours and pay. Ms. Sharkey and Mr. Sevean claim that Fortress's failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claims.
>
> If you find that Sharkey and/or Sevean performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a

7

preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

The Court's instruction is a word-for-word reproduction of the Eleventh Circuit Pattern Jury Instruction on this issue. 4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 *et seq.*, 11th Cir. Pattern Jury Inst. at 4 (Civil 2019) (available online). *See Medrano v. The Inv. Emporium LLC*, 672 F. App'x 944, 948 (11th Cir. 2016) (unpublished) (approving instruction).

The Court's instruction is consistent with all other pattern jury instructions published by the various Circuit Courts of Appeals. *E.g.* 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, *et seq.*), 5th Cir. Pattern Jury Inst. at 275 (Civil 2016); 16.01 Explanatory: Determining Hours Worked at 16-7, Manual of Model Jury Inst. for the Dist. Cts. of the 8th Cir. (2019).

The Court's instruction clearly explains a plaintiff's burden when an employer has failed to keep accurate time records – (1) that they performed work for which they should have been paid and (2) a reasonable estimation of the amount and extent of the work. Plaintiffs take issue with the fact that, despite not having objected to the instruction, the instruction does not include language about the shifting burden <u>if</u> an employee first meets her burden.

The Eighth Circuit's pattern jury instructions explain this intentional omission as follows:

> The plaintiff bears the burden of proving the extent of any uncompensated work, but may satisfy that burden by "just and reasonable inference." *Anderson*, 328 U.S. at 687-88. Once the plaintiff has produced such evidence of uncompensated work, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*. The Committee believes the proposed instruction properly allocates the relative burdens of proof consistent with *Anderson*, without the risk of confusion that may be associated with an instruction that incorporates the exact language of the *Anderson* decision.

16.01 Explanatory: Determining Hours Worked at 16-7.

While Plaintiffs may have put on evidence towards their burden, nothing in *Anderson*

required the jury to believe the Plaintiffs' evidence. Apparently the jury did not believe Ms. Sharkey's evidence, as they found against her on the two *Anderson* elements. Ms. Sharkey cannot be prejudiced by a lack of instruction on Defendants' potential burden, because she did not first meet her burden, which would have shifted the burden to Defendants. Mr. Sevean was not prejudiced at all, because the jury found in his favor. If anyone was prejudiced by the lack of instruction with respect to Mr. Sevean's claim, it was Defendants.

### B. Jury Instruction on Defendants' FLSA Exemption Burden

Mr. Sevean argues that Defendants' burden of proof on the exempt salesperson defense is "clear and convincing" evidence as opposed to the preponderance of the evidence. This is an incorrect statement of the law.

"The defendant bears the burden of proving each element of an FLSA exemption <u>by a preponderance of the evidence</u>." 2 The Fair Labor Standards Act ¶ 16.VIII.D. at 16-176 (3d ed. 2015) (emphasis added) (copy attached). In fact, the presumption in all cases in federal courts is that "the burden of proof in federal civil cases is proof by a preponderance of the evidence." *Yi v. Sterling Collision Centers, Inc.*, 480 F.3d 505, 507 (7th Cir. 2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286 (1991), and applying preponderance of evidence burden to FLSA exemptions).

Mr. Sevean does cite a Fourth Circuit case that in introductory *dicta* states that the burden of proof is by "clear and convincing" evidence. *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993). *Shockley*, however, does not definitively opine on the issue, and apparently no other Fourth Circuit cases have, other than to regurgitate *Shockley*. The Supreme Court, also, has not explicitly opined on the burden of proof in FLSA exemption cases.

Federal courts, and this Court, are "bound by holdings, not language" in an opinion.

9

*Alexander v. Sandoval*, 532 U.S. 275, 282 (2001).  Therefore, to determine the burden of proof in the Fourth Circuit on this issue, the Court should refer to the older Fourth Circuit decision of *Clark v. J.M. Benson, Inc.*, 789 F.2d 282 (4th Cir. 1986), which ironically is the very case cited by *Shockley* for the dicta language that the burden is "clear and convincing".  *Shockley*, 997 F.2d at 21.

With respect to the burden of proof for FLSA exemptions, *Clark* merely held that "the general rule [is] that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."  *Clark*, 789 F.2d at 286.  The *Clark* court, cited by the *Shockley* court, <u>makes no mention whatsoever</u> of a "clear and convincing" burden.  *Clark* cites the Supreme Court case of *Corning Glass Works v. Brennan*, which also makes no mention whatsoever of a "clear and convincing" burden.  417 U.S. 188, 196 (1974).

The *Clark* case instead held, using phrasing traditionally associated with the preponderance of the evidence standard, that the defendant "did not meet its burden of proving, <u>to the point beyond which reasonable minds could differ</u>, the facts requisite to establishing the first element of the administrative exemption."  *Clark*, 789 F.2d at 287 (emphasis added).  The Fourth Circuit has previously held that "whenever there is room for reasonable minds to differ, the defendant must satisfy the jury by a fair <u>preponderance of the evidence</u>."  *Dunagan v. Appalachian Power Co*., 11 F.2d 65, 67 (4th Cir. 1926) (emphasis added).  In a case affirmed by the Fourth Circuit, Judge Mullen has also distinguished a reasonable minds finding from the higher "clear and convincing" burden.  *Wiggins v. Jackson*, No. 3:05-cv-346-1-MU, 2009 WL 484668 at *10 (W.D.N.C. Feb. 25, 2009), *aff'd*, 635 F.3d 116 (4th Cir. 2011).

It is evident, therefore, that *Clark* is binding upon this Court.  By the phrasing of its

holding, the *Clark* court assumed the burden of proof was a preponderance of the evidence. This is only reinforced by the initial presumption that all federal cases are governed by the preponderance of the evidence standard. *Grogan*, 498 U.S. at 286.

Notably, in a case predating *Clark*, the Fourth Circuit expressly pointed out that the a defendant's burden of proof with respect to Equal Pay Act statutory defenses is by a preponderance of the evidence. *EEOC v. Aetna Ins. Co.*, 616 F.2d 719, 724 (4th Cir. 1980). The Supreme Court has held that interpretations regarding statutory defenses under the Equal Pay Act should be construed with those under the FLSA. *See Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 92 (2008). The Equal Pay Act is in fact a part of the FLSA. It would not make sense for the Equal Pay Act defenses to be subject to the preponderance of the evidence standard and not the FLSA defenses.

And the Supreme Court has held that a defendant's burden of proof with respect to Age Discrimination in Employment Act statutory defenses is by a preponderance of the evidence. *W. Air Lines, Inc. v. Criswell*, 472 U.S. 400, 422 (1985). Like the Equal Pay Act, the ADEA and the FLSA are to be construed together. *Meacham*, 554 U.S. at 92-93. Again, it would not make sense for the ADEA defenses to be subject to the preponderance of the evidence standard and not the FLSA defenses.

The Fourth Circuit's *Aetna* and the Supreme Court's *W. Air-Lines* opinions are better barometers and stronger authority than *Shockley* for the burden of proof to establish an FLSA exemption. Based on their superior binding precedence, alone, this Court should reject "clear and convincing" as the appropriate burden.

While *Clark* did not hold that the burden of proof was by "clear and convincing" evidence, it did cite a Tenth Circuit case for the proposition that an employer who asserts an

11

FLSA exemption has the burden of establishing it by clear and <u>affirmative</u> evidence." *Clark*, 789 F.2d at 286 (citing *Donovan v. United Video, Inc.*, 725 F.2d 577, 581 (10th Cir. 1984)). The *Donovan* court asserted this "without explanation of what the phrase means". *Yi,* 480 F.3d at 507 (dismissing *Donovan* holding in favor of preponderance of the evidence standard).

This "clear and affirmative" – <u>not</u> "clear and convincing" – idea originates from a Supreme Court holding in *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945), that FLSA exemptions are to be construed narrowly. *Yi,* 480 F.3d at 507. That holding, however, has recently been abrogated and abandoned by the Supreme Court.

"We reject this principle as a useful guidepost for interpreting the FLSA. Because the FLSA gives no textual indication that its exemptions should be construed narrowly, there is no reason to give [them] anything other than a fair (rather than a 'narrow') interpretation." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) (internal quotations marks omitted). If *Shockley* were in fact precedential, this Court may reconsider that precedent in light of *Encino*'s intervening decision that undercuts *Shockley* such that the cases are irreconcilable. "Prior circuit precedent is not binding if an intervening Supreme Court case has specifically rejected the reasoning on which the prior decision was based." *Taylor v. Grubbs*, 930 F.3d 611, 621 (4th Cir. 2019). *See also Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); 18 Moore's Federal Practice §134.02[2] (3d ed. 2019) (discussing same).

Finally, even if, contrary to the vast weight of authority to the contrary, the "clear and convincing" standard was the appropriate burden of proof in the Fourth Circuit, Mr. Sevean must establish that the given jury instruction "must necessarily have caused the jury to act in complete ignorance of, or to have misapplied, fundamentally controlling legal principles to the inevitable prejudice of an aggrieved party." *Spell,* 824 F.2d at 1399.

12

Mr. Sevean's testimony regarding the outside sales exemption was clear, though. Again, he described his work as follows:

- He was a regional sales manager and business development manager for the Northeast.
- He was tasked with establishing Fortress's presence in the Northeast.
- He visited bus companies and school districts on cold calls and knocked on doors.
- He would have face-to-face sales meetings with prospective customers.
- He spent about 30% of his time on the road.
- He attended multiple trade shows in 7 weeks of employment.
- He has over 40 years of experience in sales.
- He is one of the top 5 in his field.

Mr. Sevean's only rebuttal evidence was that he did not in fact make any actual sales. However, that is not the law. The law requires that Mr. Sevean's primary <u>duty</u> be making sales. 29 C.F.R. § 541.500. There is no requirement that he be successful at it.

On the exemption, the Court instructed at length:

There is a Question 2 on the verdict form for Plaintiff Sevean, which reads, "Is Mr. Sevean exempt from the Fair Labor Standards Act as an outside salesperson." In this case, Fortress claims that Mr. Sevean is exempt from the FLSA's overtime provisions because he was "employed in the capacity of outside salesman". To establish that he is exempt, Fortress must prove each of the following facts by a preponderance of the evidence:

That Mr. Sevean was an employee (1) whose primary duty is: (i) making sales, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and (2) who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.

The term "primary duty" means the principal, main, major, or most important duty that the employee performs. In determining the primary duty of an outside sales employee, work performed incidental to and in conjunction with the

13

employee's own outside sales or solicitations, including incidental deliveries and collections, shall be regarded as exempt outside sales work. Other work that furthers the employee's sales efforts also shall be regarded as exempt work including, for example, writing sales reports, updating or revising the employee's sales or display catalogue, planning itineraries, and attending sales conferences.

The term "customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one.

The term "away from the employer's place or places of business" means that an outside sales employee makes sales at the customer's place of business, or if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls. Any fixed site, whether home or office, used by a salesperson as a headquarters for telephonic solicitation of sales is considered one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property.

Regardless of the burden of proof instruction given, no reasonable jury could have found that Mr. Sevean was anything other than an exempt outside salesperson under the instructions on that exemption, to which no one has objected. As a matter of law, Defendants established the exemption.

Similarly, in *EEOC v. A.C. Widenhouse, Inc.*, the Fourth Circuit rejected a plain error attack on a jury instruction which incorrectly stated that protected activity could be a "motivating factor" rather than must be the "but-for cause" of actionable retaliation under Title VII. 576 Fed. App'x 227, 230-32 (4th Cir. 2014) (unpublished).

> Although the district court erred and the error was plain, Widenhouse is not entitled to a new trial because it cannot show that the error affected its substantial rights. For an error to affect substantial rights, it generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." *Olano*, 507 U.S. at 734, 113 S.Ct. 1770. Unlike an error that is timely noticed, at the substantial rights stage of a plain error analysis, it is "the [appellant] rather than the [appellee] who bears the burden of persuasion with respect to prejudice," and in general, the appellant must make a specific showing of prejudice. *Id.* at 734–35, 113 S.Ct. 1770. Widenhouse has failed to make the requisite showing.

14

> Widenhouse's conclusory assertion that the district court's erroneous instruction on Gill's Title VII retaliation claim prejudicially affected the jury's consideration of all claims is wholly unsupported by the record.
>
> Nor has Widenhouse shown that the district court's erroneous instruction actually affected the outcome of the case with regard to Gill's Title VII retaliation claim itself.

*Id.* at 231.

Mr. Sevean, as well, has not established actual prejudice or whether the preponderance of the evidence instruction affected the outcome of the proceedings.

### C. The Verdict Form

Plaintiffs complain now – not having objected at trial – that the verdict forms were insufficient in that they did not mention overtime or afford the jury the opportunity to decide if they worked overtime. Interestingly, Defendants' proposed verdict form [Doc. 62] addressed these issues. Plaintiffs objected and submitted a competing verdict form [Doc. 67] that closely mirrors the Court's verdict form.

Mr. Sevean also objects to the ordering of his verdict form. However, the verdict form follows the instructions as given, about which Mr. Sevean has made no objection, whether at trial or in his motion for new trial.

Regardless, the verdict forms are fair and simple on their faces, showing no plain error.

Respectfully submitted, this the 19th day of December, 2019.

/s/ Frederick M. Thurman, Jr.
Frederick M. Thurman, Jr.
N.C. Bar No. 26159
SHUMAKER LOOP & KENDRICK, LLP
101 S. Tryon St., Suite 2200
Charlotte, North Carolina 28202
Telephone: (704) 375-0057
*Attorney for Defendants*

15

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon the following on this the 19th day of December, 2019, by ECF:

>Ms. Michelle Gessner
>The Law Office of Michelle Gessner, PLLC
>The Mayes House
>435 East Morehead Street
>Charlotte, North Carolina 28202
>michelle@mgessnerlaw.com
>*Attorney for Plaintiffs*

>/s/ Frederick M. Thurman, Jr.
>Frederick M. Thurman, Jr.
>N.C. Bar No. 26159
>SHUMAKER LOOP & KENDRICK, LLP
>101 S. Tryon St., Suite 2200
>Charlotte, North Carolina 28202
>Telephone: (704) 375-0057
>*Attorney for Defendants*

evidence sufficient to establish or refute claims for damages under this burden-shifting method are discussed further at §§X.B.1.c [Remedies; Monetary Damages; Actions for Back Wages and Overtime; Computation: Calculation of Back Pay Where Employer's Records Are Inadequate] of this chapter.

### D. Proving Exemptions and Other Defenses

The defendant bears the burden of proving each element of an FLSA exemption by a preponderance of the evidence.[659]

---

[659] *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974); *Idaho Sheet Metal Works, Inc., v. Wirtz*, 383 U.S. 190, 208–09 (1966) (same); *Walling v. General Indus. Co.*, 330 U.S. 545 (1947). *See also, e.g.,*

*First Circuit:* O'Brien v. Town of Agawam, 350 F.3d 279, 290–91 (1st Cir. 2003) (burden on employer to prove §7(k) exemption).

*Second Circuit:* Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558, 19 WH Cases2d 536 (2d Cir. 2012) ("Accordingly, 'an employer bears the burden of paying that its employees fall within an exempted category of the Act.'"); In re Novartis Wage & Hour Litig., 611 F.3d 141, 150 (2d Cir. 2010) (burden on employer to prove outside sales and administrative exemptions); Adams v. Department of Juvenile Justice, 143 F.3d 61, 65 (2d Cir. 1998) (explaining burden on employer to prove executive, professional, administrative, or houseparent exemptions).

*Third Circuit:* Parker v. NutriSystem, Inc., 620 F.3d 274 (3d Cir. 2010) (burden on employer to prove retail commission exception); Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 900 (3d Cir. 1991) (burden on employer to prove administrative exemption).

*Fourth Circuit:* Roy v. County of Lexington, 141 F.3d 533, 540 (4th Cir. 1999) (explaining burden on employer to prove §7(k) exemption); Clark v. J.M. Benson Co., Inc., 789 F.2d 282, 286 (4th Cir. 1986) (burden on employer to prove administrative exemption).

*Fifth Circuit:* Meza v. Intelligent Mexican Mktg, Inc., 720 F.3d 577, 580–81, 20 WH Cases2d 1399 (5th Cir. 2013) ("An employer bears the burden of proving

As indicated earlier in this chapter and in Chapter 5, White-Collar Exemptions, because of the FLSA's remedial purpose, its exemptions are narrowly construed, and the employer must demonstrate that an exemption clearly and unmistakably applies.[660]

---

that an employee is ineligible for overtime or minimum-wage compensation."); Singer v. City of Waco, 324 F.3d 813, 820 (5th Cir. 2003) (burden on employer to prove §7(k) exemption).

*Sixth Circuit:* Orton v. Johnny's Lunch Franchise, LLC, 668 F.3d 843 (6th Cir. 2012) (district court improperly placed burden of proving salary basis on employee, reversing dismissal); Acs v. Detroit Edison Co., 444 F.3d 763, 767 (6th Cir. 2006) (burden on employer to prove exemption); Martin v. Indiana Mich. Power Co., 381 F.3d 574, 578 (6th Cir. 2004) (burden on employer to prove administrative and professional exemptions).

*Seventh Circuit:* Blanchar v. Standard Ins. Co., 736 F.3d 753, 756, 21 WH Cases2d 1026 (7th Cir. 2013) ("The burden is on the employer to establish that an employee is covered by a FLSA exemption."); Yi v. Sterling Collision Ctrs., Inc., 480 F.3d 505, 506–08 (7th Cir. 2007) (discussing proper evidentiary standard for FLSA exemptions).

*Eighth Circuit:* Madden v. Lumber One Home Ctr, Inc., 745 F.3d 899, 903, 22 WH Cases2d 346 (8th Cir. 2014) ("The employer has the burden to prove that its employee is an executive and therefore exempt from the FLSA's overtime pay requirements."); McAllister v. Transamerica Occidental Life Ins. Co., 325 F.3d 997, 999 (8th Cir. 2003) (burden on employer to prove administrative exemption).

*Ninth Circuit:* Solis v. Washington, 656 F.3d 1079, 1083, 18 WH Cases2d 97 (9th Cir. 2011) (burden on employer to prove exemption); Klem v. County of Santa Clara, 208 F.3d 1085, 1089 (9th Cir. 2000) (explaining burden on employer to prove exemption); Klitzke v. Steiner Corp., 110 F.3d 1465, 1468 (9th Cir. 1997) (burden on employer to prove §13(b)(1) Motor Carrier Act exemption).

*Tenth Circuit:* Archuleta v. Wal-Mart Stores, Inc., 543 F.3d 1226, 1233 (10th Cir. 2008) (burden on employer to prove professional exemption); Ackerman v. Coca-Cola Enters., Inc., 179 F.3d 1260, 1264 (10th Cir. 1999) (burden on employer to prove outside sales exemption).

*Eleventh Circuit:* Huff v. DeKalb Cnty., 516 F.3d 1273, 1278 (11th Cir. 2008) (burden on employer to prove §7(k) exemption); Hogan v. Allstate Ins. Co., 361 F.3d 621 (11th Cir. 2004) (burden on employer to prove administrative exemption).

*D.C. Circuit:* Ivanov v. Sunset Pools Mgmt. Inc., 567 F. Supp. 2d 189, 192 (D.D.C. 2008) (explaining burden on employer to prove recreational and amusement exemption).

The Fifth Circuit, Eleventh Circuit, and ABA Model Instructions all refer to a "preponderance of the evidence" burden of proof on defendants who invoke exemption defenses. See Chapter 5, White-Collar Exemptions, §III [Legal Principles That Govern Analysis of Exemptions], for further discussion. The substantive elements of each of the exemptions, deductions, and credits developed in the earlier chapters will not be repeated here.

[660] *See, e.g.,* Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392, 14 WH Cases 478 (1960) (explaining exemptions narrowly construed because of remedial nature of FLSA); Powell v. U.S. Cartridge Co., 339 U.S. 497, 517, 9 WH Cases 362 (1950) (explaining exemptions to FLSA are construed narrowly); A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 498, 5 WH Cases 186 (1945) (explaining exemptions narrowly construed because of remedial nature of FLSA).