UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00019-FDW-DCK

| | |
|---|---|
| CATHERINE E. SHARKEY and RON SEVEAN,        )<br>                                                                 )<br>        Plaintiffs,                                      )<br>                                                                 )<br>vs.                                                          )<br>                                                                 )<br>FORTRESS SYSTEMS                            )<br>INTERNATIONAL, INC., d/b/a               )<br>FORTRESS MOBILE, and ZHONG SU,     )<br>individually                                            )<br>                                                                 )<br>        Defendant.                                   )<br>                                                                 ) | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Motion for New Trial (Doc. No. 74), pursuant to Rule 59 of the Federal Rules of Civil Procedure. Defendants filed their Response and Objection to Plaintiff's Motion for New Trial (Doc. No. 79), and Plaintiffs then replied to Defendants' Response (Doc. No. 80). For the reasons stated below, the Court **DENIES** Plaintiffs' Motion for New Trial.

### I. BACKGROUND

Plaintiff Catherine Sharkey ("Sharkey"), individually and on behalf of all others similarly situated, originally filed this action in this Court on January 10, 2018. (Doc. No. 1). Plaintiff Sharkey and Plaintiff Ron Sevean ("Sevean") filed their Amended Complaint in this Court on March 11, 2019. (Doc. No. 29). Plaintiffs were formerly employed by Defendants as independent contractors, generally responsible for sale activities relating to the purchase of Defendants' products and solutions. Plaintiff Sharkey was previously Defendants' Sales Support Manager, and Plaintiff Sevean was previously Defendants' Northeast Regional Sales Manager. Plaintiffs filed

1

suit against Defendants Fortress Systems International, Inc., d/b/a Fortress Mobile ("Fortress") and Zhong "Jack" Su (collectively "Defendants"), seeking to recover for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA") N.C. Gen. Stat. §§ 95-25.1 *et seq.* (Doc. No. 29, p. 1). Plaintiff Sharkey also sought redress for violations of the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and for retaliation after complaining about unequal pay. (Doc. No. 29, p. 1).

The parties proceeded to trial on November 5, 2019. At the close of Plaintiff's evidence, Defendants moved in open court for Directed Verdict pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. On November 6, 2019, per the Court's request, Defendants filed a Trial Brief in support of their Rule 50(a) Motion (Doc. No. 69) and Plaintiffs filed a Memorandum in opposition (Doc. No. 70). At the close of Plaintiffs' evidence, this Court, being fully briefed, dismissed Plaintiff Sharkey's EPA and Title VII claims. The jury trial proceeded solely on Plaintiffs' claims under the FLSA. Trial concluded on November 6, 2019, and the jury verdicts as to Sharkey and Sevean's remaining claims were entered November 7, 2019. (Doc. No. 71, Doc. No. 72). The Jury found Defendants were not liable to Sharkey for violation of the FLSA. (Doc. No. 71). Likewise, the Jury found Defendants were liable to Sevean for violation of the FLSA but found that Sevean was nonetheless exempt from the FLSA as an outside salesperson. (Doc. No. 72).

Plaintiffs timely filed a Motion for New Trial on December 5, 2019. (Doc. No. 74). Defendants filed their Response in Opposition December 30, 2019 (Doc. No. 79) and Plaintiffs filed their Reply the same day (Doc. No. 80).

## II. ANALYSIS

Plaintiffs move for a new trial under Rule 59 of the Federal Rules of Civil Procedure. It appears to the Court that Plaintiffs' motion asserts and requests the following: (1) Defendants were not entitled to prevail on their Rule 50 motions or on the jury verdicts; (2) a new trial should be granted based on Plaintiffs' case in chief and plain error in the jury instructions and verdict forms; and (3) despite not filing a Rule 50 motion, there was sufficient evidence for a Rule 50 ruling in favor of Plaintiff Sharkey. In support of their motion, Plaintiffs raise the following issues: (1) the Court's unsubstantiated Rule 50 ruling in favor of Defendants' with regard to Plaintiff Sharkey's EPA claim; (2) the Court's unsubstantiated Rule 50 ruling in favor of Defendants with regard to Plaintiff Sharkey's Title VII claim; (3) plain error in the jury instructions as to the burden of proof required for Fair Labor Standards Act ("FLSA") violations; (4) plain error in the jury instructions as to the burden of proof required for FLSA exemptions; and (5) inadequate, misleading, and unfair presentation of the jury verdict forms. (Doc. No. 75, p. 1). The Court analyzes each of Plaintiffs' arguments in the order provided.

### 1. STANDARD OF REVIEW

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law." Fed. R. Civ. P. 59(a)(1)(A). A new trial may be granted on the motion of a party or *sua sponte* by the Court. Fed. R. Civ. P. 59(b), (d). The decision to grant or deny a motion for new trial ultimately "rests with the sound discretion of the district court" and is reviewed for a "clear abuse of discretion." Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir.1994) (citations omitted).

3

In considering a motion for a new trial, the Court "should grant a new trial only if '1) the verdict is against the clear weight of the evidence, 2) is based on evidence which is false, or 3) will result in a miscarriage of justice.'" Bryant v. Aiken Regional Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir.2003) (quoting Dennis v. Columbia Colleton Med. Ctr., 290 F.3d 639, 644–45 (4th Cir.2002)). Unlike a motion for judgment as a matter of law, the district court may weigh evidence, assess credibility, and exercise its discretion in ruling on a motion for a new trial. See Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998); Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 186 (4th Cir. 1994). A new trial is warranted "when a jury has reached a seriously erroneous result as evidenced by . . . the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." Mike's Train House, Inc. v. Lionel, LLC, 472 F.3d 398, 405 (6th Cir.2006) (quotation omitted). "However, where 'such prejudice is cured by instructions of the court, the motion for a new trial should be denied.'" E.E.O.C. v. McGee Bros. Co., Inc., No. 3:10-cv-142, 2011 WL 2119140 at *3 (W.D.N.C. May 26, 2011) (quoting Clarksville–Montgomery Cnty. School Sys. v. United States Gypsum Co., 925 F.2d 993, 1002 (6th Cir.1991)).

### 2. PLAINTIFF SHARKEY'S PAY DISPARITY CLAIMS

Following the close of Plaintiffs' evidence, the Court granted Defendants' Rule 50 motion for judgment as a matter of law on Plaintiff Sharkey's claims for pay disparity under the EPA and Title VII because Sharkey failed to present evidence to the jury necessary to satisfy all elements of either claim during her case in chief. In Plaintiffs' motion for a new trial, Sharkey relies heavily on the parties' stipulations; however, Plaintiffs never presented those stipulations to the jury.

Plaintiffs argue they were not required to read the pre-trial stipulations into the record

because they were filed with the Court twice prior to trial. This argument is meritless. It is well settled in the Fourth Circuit that the decision to reopen a case to admit new evidence, including allowing parties to read pre-trial stipulations into the evidentiary record, is within the district court's discretion. See Levy v. Lexington County, South Carolina, 589 F.3d 708, 714 (4th Cir. 2009); Dent v. Beazer Materials and Servs., Inc., 156 F.3d 523, 533 (4th Cir. 1998). "'[I]t is generally understood that a trial court abuses its discretion if its refusal to reopen works an 'injustice' in the particular circumstances.'" Levy, 589 F.3d at 715 (citing Rivera-Flores v. Puerto Rico Tel. Co., 64 F.3d 742, 746 (1st Cir. 1995) (citing Gas Ridge, Inc. v. Suburban Agric. Props., Inc., 150 F.2d 363, 366 (5th Cir. 1945)).

At trial, in its ruling regarding the pre-trial stipulations, the Court analyzed whether Plaintiffs should be given the opportunity to reopen their case to read the stipulations into the record.[1] The Court's analysis followed the framework as provided in Levy, considering whether (1) the evidence sought to be introduced is especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) reopening the case will cause undue prejudice to the nonmoving party. See Levy, 589 F.3d at 714. The Court determined failure to allow Plaintiffs the opportunity to read the pre-trial stipulations regarding the FLSA into the record would dramatically impact Plaintiffs' case, and that the Levy three-prong analysis was consequently satisfied. Thus, the Court allowed Plaintiffs to reopen their case to read the FLSA stipulations into the record. As to the other claims, the Court concluded that allowing Plaintiffs to reopen their case on those claims would not save Plaintiffs from Defendants' motion.

For the first time at trial, Plaintiff Sharkey attempted to use her co-plaintiff as a comparator.

---

[1] See Tr. 2, p.18-19. The trial transcripts have not yet been certified by the court reporter; however, the court reporter confirmed the accuracy of references to the Court's own uncertified real-time draft trial transcripts.

5

As part of their Rule 50 motion, Defendants argued the use of Sevean as a comparator would be improper and unfairly prejudicial. Plaintiffs failed to complete an interrogatory asking for the identities of comparators and further failed to supplement the error when raised in Defendants' motion for summary judgment (Doc. No. 35). Consequently, Defendants did not have notice of Plaintiff's intention to use Sevean as a comparator. Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiff's failure to respond and/or supplement the interrogatory procedurally results in Plaintiff's inability to "use that information… at a trial…" See Fed. R. Civ. P. 37(c)(1). Had the Court allowed Plaintiff to proceed in using Sevean as a comparator without prior notice, Defendants would have been unfairly prejudiced. As a result, the Court found Plaintiff Sharkey's failure to disclose her intended comparators created undue hardship for Defendants, and Plaintiffs were procedurally barred from proffering undisclosed comparators and reopening their case to read the pay disparity stipulations into the record.

Moreover, the Court found—based fundamentally on the testimony of both Plaintiffs—Sevean and Sharkey's jobs were different. Notably, Plaintiffs relied heavily on these differences in building Plaintiff Sharkey's pay disparity claims. During its ruling, the Court noted the many differences between Plaintiffs' job responsibilities including their titles, primary tasks, trade show attendance, and sales experience. In addition, Sevean and Sharkey are Co-Plaintiffs in this action, raising an unavoidable conflict of interest if Sharkey were to introduce Sevean as a comparator. Based on the Court's analysis at trial, and for the reasons stated below, the Court's decision not to allow Sharkey the opportunity to reopen her case to read the pre-trial stipulations regarding her pay disparity claims did not work an injustice in the circumstances, see Levy, 589 F.3d at 715, as she failed to satisfy the other elements of her EPA and/or Title VII claims.

In order to address the additional concerns Plaintiff Sharkey has raised, the Court further analyzes Sharkey's EPA and Title VII claims below, despite (1) her failure to read the pre-trial stipulations regarding Mark Cotton into the record or provide any evidence establishing Cotton was paid more than Sharkey and (2) her failure to complete or supplement Defendants' interrogatory to include Sevean as a comparator. The analysis below clarifies that, even if Plaintiff read the pre-trial stipulations regarding Mark Cotton into the record and completed Defendants' interrogatory to include Sevean as a comparator, Plaintiff's pay disparity claims nonetheless fail as a matter of law.

### a. EPA Claim

To establish a *prima facie* case under the EPA, a plaintiff must demonstrate: (1) the employer paid different wages to an employee of the opposite sex, (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions. Spencer v. Virginia State Univ., 919 F.3d 199, 204 (4th Cir. 2019). "The Equal Pay Act is a powerful tool, permitting an employee to prevail on a wage discrimination claim with no evidence of intentional discrimination. But this tool must be tempered by adherence to its provisions. Doing so requires that the work performed by the plaintiff and her comparators be *equal*…" Id. at 207. Plaintiff failed to satisfy all elements required for a claim under the EPA, and therefore, the Court's dismissal of Plaintiff's EPA claim must stand.

At the time Plaintiffs rested and Defendants' Rule 50 Motion was heard, there was no evidence in the record upon which a reasonable juror could find Sharkey had established the necessary elements for an EPA claim as set out in Spencer. As provided by their testimony, Sharkey was the Sales Support Manager for Defendants and Sevean was the Northeastern Regional

Sales Manager.  In describing her position, Sharkey stated "I was responsible for the entire United States.  I had salespeople that I supported in my role that worked in the southeast.  I had salespeople that I supported that I worked in the Midwest, in California…"  (Tr. 1, p. 139).  Sharkey continued, "[s]ome days I was assigned to one salesperson, the next day I'd be assigned to a different salesperson."  (Tr. 1, p. 142).  In contrast, Sevean testified his "region for all intents and purposes was supposed to be from let's say Maryland to banger Maine because [Defendants] gave [him] the northeast.  (Tr. 1, p. 179).  In describing his role, Sevean stated, "I had face-to-face meetings each and every week too.  I worked from home.  I would go out several hours during the day go out and meet some clients, do a couple of sleepovers where I had to…  It takes a lot of banging on doors and phone calls and, you know, shaking hands and dropping off pamphlets."  (Tr. 1, p. 184).  Based on their distinct testimony, it is clear that Sevean could not be a comparator for Sharkey.  Sevean was an outside sales representative, responsible for establishing Defendants' presence in the Northeast, while Sharkey was responsible for *supporting* Sevean, and all other "Sales Managers," in their roles.  Although Sharkey argues she had *more* responsibilities than Sevean, it is vital to remember <u>different</u> responsibilities do not equate to <u>more</u> responsibilities.  The Court agrees with Defendants that, although Sharkey and Sevean worked in sales, the comparison between the two ends there.

To the extent Plaintiff relies on Mark Cotton ("Cotton") as a comparator, Plaintiff's EPA claim again fails.  Sharkey testified she compared herself to Cotton because she worked directly with him in the southeast.  Plaintiffs never called Cotton to testify during their case in chief.  Consequently, Plaintiffs' counsel's opening statements, which are not evidence, and Sharkey's brief testimony above are the extent of Plaintiff's case regarding Cotton at trial.  These arguments

8

and nominal evidence were not enough to satisfy Plaintiff's burden under Spencer, and therefore, the Court did not err in dismissing Plaintiff's EPA claim. Moreover, Defendant Su testified Cotton's title was Southeast Regional Sales Manager. Cotton and Sevean, therefore, had the same job title in different regions and, for the reasons discussed above as to why Sevean is not a comparator, Cotton cannot be a comparator to Sharkey under the EPA. Likewise, Plaintiff failed to present sufficient evidence to show her job required equal skill, effort, and responsibility as Cotton's.

### b. Title VII Claim

To establish a *prima facie* pay-disparity case under Title VII, a plaintiff must demonstrate: (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) an adverse employment action occurred, and (4) the circumstances suggest an unlawfully discriminatory motive. It is well settled that "[a] plaintiff may assert claims based on unequal pay for equal work under both the EPA and Title VII." Brinkley-Obu v. Hughes Training, 36 F.3d 336, 343 (4th Cir. 1994). The Fourth Circuit notes that a Title VII disparate treatment claim employs a "relaxed standard of similarity between male and female-occupied jobs" in comparison to an EPA claim. Id. (quoting Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1526 (11th Cir. 1992)). In the end, however, the "plaintiff has the [ultimate] burden of proving an intent to discriminate on the basis of sex." Id.

Importantly for this case, "[w]hile Title VII's 'similarity' requirement demands less of plaintiffs than the Equal Pay Act's 'equality' requirement, it is not toothless: the plaintiff must provide evidence that the proposed comparators are not just similar in *some* respects, but 'similarly-situated *in all respects*.'" Spencer, 919 F.3d at 207 (quoting Mitchell v. Toledo Hosp.,

9

964 F.2d 577, 583 (6th Cir. 1992)).  "Where, as here, the prima facie case of wage discrimination is based on comparators, the plaintiff must show that she is paid less than men in similar jobs."  Id. (citing Brinkley-Obu, 36 F.3d at 343).

Similarly situated in all respects means the individuals are those employed in the same capacity and with the same supervisors.  See Monk v. Potter, 723 F.Supp. 2d 860, 877-878 (E.D. Va. 2010), aff'd, 407 Fed. Appx. 675 (4th Cir. 2011); Horton v. Alltel Communs., Inc., 2009 WL 1940059, at *25 (W.D.N.C. July 2, 2009).  "While there is no bright-line rule for what makes two jobs 'similar' under Title VII, courts consider 'whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications.'"  Spencer, 919 F.3d at 207 (quoting Bio v. Fed. Express Corp., 424 F.3d 593, 597 (7th Cir. 2005)).

For the reasons set forth in the Court's analysis of Plaintiff's EPA claim, Plaintiff Sharkey failed to establish Cotton and Sevean were employed in the same capacity as Sharkey.  As described above, Cotton and Sevean's Regional Sales Manager positions are dissimilar to Sharkey's Sales Support Manager role in numerous aspects.

Moreover, Plaintiff failed to offer direct evidence of discriminatory intent.  Thus, no reasonable juror could find Plaintiff Sharkey has established an EPA claim.  Compare Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190-191 (4th Cir. 2010) (declining to find discriminatory intent where Plaintiff's Complaint merely alleged in conclusory fashion that white employee was not disciplined for the same improprieties as Plaintiff); with Brinkley-Obu, 36 F.3d at 354 (finding indirect evidence of discriminatory intent where Plaintiff's employer compensated a subordinate at a higher rate, reassigned some of Plaintiff's job duties to the subordinate, and

10

suggested Plaintiff needed to choose "between having a career and being a mama"). Although Sharkey testified her direct supervisor, John Emory, singled her out and yelled at her on numerous phone calls where she was the only female on the call, she failed to show an *intent* to discriminate. To the extent Plaintiff alludes to discrimination, she never explicitly states she was discriminated against because of her gender. Like the Plaintiff in Coleman, here Plaintiff merely alleges in a conclusory fashion that she was treated poorly because of her gender. Plaintiff did not show, either through circumstantial or direct evidence, she was treated differently than male employees or that any mistreatment she faced was due to her being female. As a result, the Court properly dismissed Sharkey's Title VII claim.

### 3. JURY INSTRUCTIONS

Plaintiffs next argue they are entitled to a new trial because the jury instructions and verdict forms amounted to plain error. Plaintiffs assert plain error in the FLSA overtime instruction and burden of proof standard in the outside salesperson exemption instruction. Plaintiffs further argue the plain error in the instruction, in conjunction with the inadequate presentation of the jury verdict forms, resulted in error that unfairly mislead the jury. Under FRCP 51(d)(2), "[a] court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." "Unlike an error that is timely noticed, at the substantial rights stage of a plain error analysis … the [plaintiff] must make a specific showing of prejudice." E.E.O.C. v. A.C. Widenhouse, Inc., 576 Fed.Appx. 227, 231 (4th Cir. 2014). In the Fourth Circuit, "despite the important strictures of Fed. R. Civ. P. 51, instructional error may be noticed in civil cases despite failures to make proper contemporaneous objection, when the error is 'plain' or 'fundamental.'" Spell v. McDaniel, 824 F.2d 1380, 1398-99 (4th Cir. 1987). A "plain" or

11

"fundamental" error is only found when "a particular jury instruction must necessarily have caused the jury to act in complete ignorance of, or to have misapplied, fundamentally controlling legal principles to the inevitable prejudice of an aggrieved party." Id. at 1399.

It is undisputed that Plaintiffs failed to object to the jury instructions they now challenge. In fact, the Court's overtime instruction was, for all intents and purposes, Plaintiffs' proposed instruction, and the Court's outside salesperson instruction followed the burden of proof as proposed by Plaintiffs. As a result, the Court analyzes whether the FLSA instruction contained plain or fundamental error.

### a. Overtime Instruction

Plaintiffs assert the jury instruction regarding the burden of proving overtime hours worked was plain error because it omitted the burden shifting language as found in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946). In Anderson, the Supreme Court provided the burden shifting framework appropriate when an "employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes." Id. at 687-88. The Anderson court held:

> In such a situation we hold that an employee has carried out his burden [1] if he proves that he has in fact performed work for which he was improperly compensated and [2] if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

Accordingly, the Court's instruction in this case regarding overtime read:

> The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Ms. Sharkey and Mr. Sevean claim that Fortress failed to keep and maintain adequate records of their hours and pay. Ms. Sharkey and Mr. Sevean claim that Fortress's failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claims.

12

> If you find that Sharkey and/or Sevean performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay. (Tr. 2, p. 150).

Plaintiff's assertion that plain error arose due to the Court's failure to include specific language regarding the burden shifting to the employer is incorrect. In addition, Plaintiff's reading of <u>Anderson</u> confuses its holding. To clarify, Plaintiffs bear the burden of showing both that they performed work for which they should have been paid <u>and</u> the extent of such work by just and reasonable inference. The instruction provided, which Plaintiff failed to object to, is widely accepted[2] and did not lead the jury to act in complete ignorance of, or misapply, the fundamentally controlling <u>Anderson</u> principles.

Here, the Jury found Plaintiff Sharkey failed to meet her burden of showing: (1) she had performed work for which she was improperly compensated and (2) the extent of such work. As Plaintiff Sharkey did not meet her initial burden, the burden never shifted to Defendants and there can be no error, much less fundamental error. Likewise, there is no error with respect to the Jury's findings as to Plaintiff Sevean, as the Jury found Sevean met his burden of showing he had performed work for which he was improperly compensated and the extent of such work. The Court agrees with Defendants, if any prejudice arose because of the lack of instruction, it would have been against Defendants. For the reasons stated, the overtime instruction provided at trial did not contain plain or fundamental error, and the jury verdict must stand.

---

[2] <u>See</u> 4.14 Fair Labor Standards Act—29 U.S.C. §§ 201 *et. seq.*, 11th Cir. Pattern Jury Inst. at 4 (Civil 2019) (available online); 11.24 Fair Labor Standards Act (FLSA) (29 U.S.C. §§ 201, *et. seq.*), 5th Cir. Pattern Jury Inst. at 275 (Civil 2016); 16.01 Explanatory: Determining Hours Worked at 16-7, Manual of Model Jury Inst. for the Dist. Cts. of the 8th Cir. (2019).

### b. Plaintiff Sevean's Outside Salesperson Exemption

Plaintiffs next assert Defendants' burden of proof as contained in the jury instruction, preponderance of the evidence, regarding the outside salesperson exemption was plain error. Despite filing jury instructions (Doc. No. 49) and jury verdict forms (Doc. No. 67) that stated an evidentiary burden of preponderance of the evidence, Plaintiffs now argue the correct standard was clear and convincing evidence. Again, Plaintiffs failed to object at trial or otherwise preserve this argument. Although the standard of proof is debatable in the Fourth Circuit,[3] there is case law in the Fourth Circuit suggesting clear and convincing is the appropriate standard for FLSA exemptions. See Jones v. Va. Oil Co., 69 F.App'x. 633, 636 (4th Cir. 2003) ("An employer bears the burden of establishing by clear and convincing evidence that an employee qualifies for an exemption from the FLSA's requirements.") (citing Shockley v. City of Newport News, 997 F.2d 18 (4th Cir. 1993)); Sanchez Carrera v. EMD Sales, Inc., 402 F.Supp.3d 128 (D. Md. 2019). Despite the fact that the Fourth Circuit seems to follow the clear and convincing standard when determining the applicability of FLSA exemptions, Plaintiffs are not entitled to a new trial, because no reasonable juror could conclude Plaintiff Sevean was anything other than an outside salesperson. Accordingly, to the extent the jury instruction contained the incorrect burden of proof standard, this error was not plain or fundamental.

---

[3] Defendants contend the presumptive standard followed in all federal civil and FLSA cases, preponderance of the evidence, was proper, as the line of cases Plaintiff uses in support of their argument misconstrues the language in Clark v. J.M. Benson Co., Inc., 789 F.2d 282 (4th Cir. 1986). Id. at 286 (citing Donovan v. United Video, Inc., 725 F.2d 577, 581 (10th Cir. 1984) ("Relying on the Supreme Court's decision in Walling [v. General Industries Co., 330 U.S. 545 (1947)], the Donovan court concluded that '[t]he employer who asserts the [administrative employee] exemption has the burden of establishing both of [the § 541.2(e)(2) requirements by **clear and affirmative** evidence) (emphasis added). The Clark court continued, "[n]one of these cases state or imply that the defendant only bears the burden of producing some evidence demonstrating the exemption's applicability; rather, the defendant bears the full burden of persuasion for the facts requisite to an exemption." Id. Thus, Plaintiff's case law seems to mistakenly interpret the "clear and affirmative" requirements set out by the Clark court as analogous to the rigorous clear and convincing burden of proof standard.

14

As mentioned previously, Sevean was the northeast regional sales manager for Defendants. As sales manager, he was responsible for establishing Defendants' presence in the northeast through face-to-face meetings and attendance at trade shows. When asked whether he "went out and did a lot of cold calls as far as visiting bus companies, school districts and knocking on doors," Sevean answered in the affirmative. (Tr. 1, p. 207). Sevean also confirmed he spent about seventy (70) percent of his time working at home and about thirty (30) percent of his time on the road. (Tr. 1, p. 207). Sevean testified he had over forty (40) years of previous experience as an outside sales representative, and when asked, the only difference he provided to compare his previous outside sales experience to his time at Fortress was that he was "instantly monitored and felt he had to make so many phone calls" at Fortress. (Tr. 1, p. 186). Although the management style at Fortress was different from his previous outside sales positions, this did not impact the fact that Sevean was an employee whose primary duty was to make sales or obtain orders and who was customarily and regularly engaged away from Fortress' place of business. Moreover, the fact that Sevean failed to make any sales during his short time at Fortress plays no role in the Court's determination that the evidence overwhelmingly indicates Sevean performed an outside salesperson role for Fortress. Whether the presumptive preponderance of the evidence standard or the clear and convincing standard controls is immaterial to the case at hand. To the extent that any error was made through the Court's use of the preponderance of the evidence standard, the error was harmless. For the reasons stated, no reasonable juror could have found that Sevean's role at Fortress was anything other than that of an outside salesperson, and the jury verdict must stand.

### 4. Jury Verdict Forms

Plaintiffs' final assertion is the jury verdict forms used at trial failed to adequately present

15

the issues, were misleading, and were unfair.  As with the jury instructions, Plaintiffs failed to object to the jury verdict forms at trial.  Regardless, Plaintiffs' assertions are, again, without merit.  "It is settled in this jurisdiction that the formulation of issues and the form of interrogatories is committed to the sound discretion of the trial judge."  Horne v. Owens-Corning Fiberglas Corp., 4 F.3d 276, 284 (4th Cir. 1993) (quoting Klein v. Sears Roebuck & Co., 773 F.2d 1421, 1426-27 (4th Cir. 1985)).  As discussed above, the jury instructions were without plain or fundamental error.  When read in conjunction with the jury instructions, the jury verdict forms were clear, comprehendible, and fair.

Plaintiff Sharkey argues her jury verdict form "only vaguely and broadly asked the jury to decide if Fortress violated the FLSA." (Doc. No. 75, p. 16).  Plaintiff further argues it was plain error that "the jury instructions did not mention overtime or afford the jury the opportunity to analyze and decide if Sharkey worked any amount of overtime during the course of her employment." (Doc. No. 75, p. 16).  Although Sharkey's jury verdict form did not mention overtime specifically, her overtime claim is encompassed within the Fair Labor Standards Act.  In fact, in her opening statement, Plaintiffs' attorney explained, "[o]n the Fair Labor Standards Act claim its really one issue, which is how much overtime are these two individuals owed?" (Tr. 1, p. 112).  The lack of specificity with regard to Sharkey's FLSA claim on the jury verdict form is therefore negligible.

Plaintiff Sevean argues his "verdict form was likewise broad and vague on the FLSA violation but also misled the jury into thinking it could find Fortress liable for a violation under the FLSA even if [he] was an exempt outside salesperson." (Doc. No. 75, p. 16).  Plaintiff is correct that an "outside salesperson" is exempt from the FLSA, and therefore Defendants *could*

16

*not* be liable for a violation of the FLSA if they found Plaintiff Sevean was an outside salesperson. However, the sequence of Sevean's jury verdict form is inconsequential, as the jury ultimately found he was exempt from the FLSA as an outside salesperson. In any event, the Court could have corrected any confusion or error by deciding as a matter of law that Sevean was an outside salesperson, as it is clear that Sevean was an outside saleperson and should have been exempt from the FLSA. Any error in the organization of Sevean's jury verdict form therefore is harmless. The verdict forms contain no plain or fundamental error.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for New Trial is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 7, 2020

_____
Frank D. Whitney
Chief United States District Judge